**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JOAN SCHWAN, Individually and as Next Friend of J.S., minor;  ANDREW SCHWAN; CINDY AVILA, Individually and as Personal Representative of  the Estate of STEVEN AVILA, Deceased; MARTIN AVILA;  JEFF BALDWIN; GINA BALDWIN, Individually and as Next Friend of M.B. and  A.B., minors; MATTHEW BEIBER; LORI ANN BEIBER, Individually and as Next Friend of B.B., minor; DAVID BERGHOLZ;  SHERRI BERGHOLZ; ROSE BERGHOLZ, Individually and as Personal Representative of  the Estate of RAYMOND BERGHOLZ, Deceased;  MICHAEL BISH;  SUSAN BISH, Individually and as Next Friend of J.B., minor; WILLARD BRADEN;  WENDY CAMERON; KENNETH CLAUSEN; TOM DOLTON; KENNETH DURAND; CHRISTINE DURAND, Individually and as Next Friend of B.D. and K.D., minors; GREG EIRICK; KATHLEEN EIRICK;  JAMIE EIRICK; FRANK ELLIOTT; VIRGINIA ELLIOTT; ROBERT EVERSOLL; DENNY FITZGERALD;  JERRY FLOREZ;  ROSALIE FLOREZ, Individually and as Next Friend of J.F. and S.F., minors; JULIA FOOTE; DAVID GREEN;  ELLEN ("SUE") GREEN; STEVE GRIFFIN;  JANET GRIFFIN, Individually and as Next Friend of C.G. and C.G., minors; DIANN HADAN;  JEFFREY HADAN, Individually and as Next Friend of C.H., minor;  DORAN HADAN;  MANON HADAN;   DENNIS HARB; MARY HARB; EUGENE HEYING;  DALE HUFFMAN; SHARON HUFFMAN; DALYN HUFFMAN; JENNA HUFFMAN; DONALD JENKINS; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED **PLAINTIFFS' ORIGINAL COMPLAINT** Request for Place of Trial |

DONNETTE

| | |
|---|---|
| JENKINS; TERRY JEPSON; LORI JEPSON, Individually and as Next Friend of M.J., minor; NICOLE JEPSON; MICHELLE KOHLHOF, Individually and as Next Friend of K.K., minor; DENNIS KORGEL; MARILYN KORGEL; ERIC KORGEL; SEAN KORGEL; KAREN KUTA as Next Friend of J.K., minor; CASSIE LILLIBRIDGE; JUDY LINDELL; VINCENT LUHN; CINDY LUHN, Individually and as Next Friend of N.L. and N.L., minors; STEVE MARKHAM; ELAINE MARKHAM; ANTHONY MARTINEZ; JOHN McMAHON; DIANNE McMAHON, Individually and as Next Friend of J.M., J.M., A.M., C.M., and H.M., minors; TIMOTHY MEGUIRE; JULI MEGUIRE; KRIS MLECZKO; MICHAEL MUIRHEAD; SUNNI MUIRHEAD, Individually and as Next Friend of A.M., J.M., and T.M., minors; MICHAEL NELSON; JODY NELSON, Individually and as Next Friend of K.N. and Z.N., minors; THOMAS A. OLSEN; LISA BROWN-OLSEN, Individually and as Next Friend of E.B. and T.O., minors; DAVID PETERSEN; TIMOTHY PFEIFER; SUSAN PFEIFER; GREGORY POST; PENNY POST, Individually and as Next Friend of M.P. and T.P., minors; DANIEL PURDY; ANNETTE PURDY, Individually and as Next Friend of P.P. and R.P., minors; JON RATH; LYNN RATH, Individually and as Next Friend of J.R., J.R., and G.K., minors; KERRY RESSLER-MARTINEZ, Individually and as Next Friend of J.R., minor; WENDALL RING; BARBARA RING, Individually and as Next Friend of J.R., M.R., and M.R., minors; JEFFREY ROBY; ANGELA ROBY, Individually and as Next Friend of E.R., minor; LEON ROBY; JUDY ROBY; KIMBERLY ROBY; TEDDY ROOKSTOOL; PATRICK RYAN; BRUCE SCHORLE | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

BARBARA SCHORLE;  NEAL SCHRODER;       §
SONDRA SCHRODER, Individually and as    §
Next Friend of T.S. and T.S., minors;  LUKE    §
                                        §

SCHWAN;  RACHEL SCHWAN, Individually    §
and as Next Friend of J.M., minor; DONALD    §
SCHWIEGER; CHERI SCHWIEGER;  WAYNE    §
SHULTIS; LAURI SHULTIS;  KEVIN          §
SMOYER; SANDRA SMOYER, Individually    §
and as Next Friend of E.S.; BRENT SMOYER;    §
MATTHEW SMOYER;  CRAIG STARKE;         §
TERRY STARKE, Individually and as Next    §
Friend of H.C., J.C., A.S., and L.S., minors;    §
KATHRYN STERN; GORDAN SVOBODA;         §
RONALD TENSKI; DELORES TENSKI;          §
LYLE TIBBS;  JUDITH TIBBS; WILLIAM      §
TOLLE; SHERRI TOLLE; ROXANA WEBB;      §
JACK WIESE, Individually and as the Personal    §
Representative of the Estate of BEATRICE L.    §
WIESE, Deceased; WENDY DE NOYER as     §
Personal Representative of the Estate of JOHN    §
D. WIESE, Deceased;  RYAN WITT;         §
WHITNEY WITT; and ANITA WOOTTON,       §
                                        §
    Plaintiffs,                         §
                                        §
vs.                                     §
                                        §
CNH AMERICA LLC as successor-in-interest to    §
NEW HOLLAND NORTH AMERICA, INC.        §
p/k/a FORD NEW HOLLAND, INC.; NEW      §
HOLLAND, INC.; FIATALLIS NORTH         §
AMERICA, INC.; CASE NEW HOLLAND,       §
INC.; CNH GLOBAL, N.V.; UNISYS          §
CORPORATION as successor-in-interest to    §
SPERRY CORPORATION p/k/a SPERRY        §
RAND CORPORATION; and FORD MOTOR       §
COMPANY,                                §

Defendants.                             §
                                        §
                                        §

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Joan Schwan, et al. ("Plaintiffs") and file this Plaintiffs' Original Complaint against CNH AMERICA LLC as successor-in-interest to NEW HOLLAND NORTH AMERICA, INC. p/k/a FORD NEW HOLLAND, INC.; NEW HOLLAND, INC.; FIATALLIS NORTH AMERICA, INC.; CASE NEW HOLLAND, INC.; CNH GLOBAL, N.V.; UNISYS CORPORATION as successor-in-interest to SPERRY CORPORATION p/k/a SPERRY RAND CORPORATION; and FORD MOTOR COMPANY (collectively referred to as "Defendants") and in support thereof, would respectfully show this Court and Jury as follows:

## I. INTRODUCTION

1.      Plaintiffs assert causes of action against Defendants based on Negligence, Negligent Failure to Warn, Gross Negligence, Civil Conspiracy to Commit Gross Negligence, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Civil Conspiracy to Commit Intentional Infliction of Emotional Distress, Negligent Misrepresentation, Fraud, Fraudulent Concealment, Civil Conspiracy to Commit Fraud, Civil Conspiracy to Commit Fraudulent Concealment, Battery, Civil Conspiracy to Commit Battery, Trespass to Real Property, Private Nuisance, Unjust Enrichment, and Wrongful Death.

## II. PARTIES

2.      Plaintiffs are individuals who are or were residents, landowners, or both in or around the Case New Holland manufacturing facility located at 3445 West Stolley Park Road, Grand Island, Hall County, Nebraska, (hereinafter the "Property" or the "Case New Holland Property") and surrounding area or are individuals who are or were otherwise affected by contamination in or around the Case New Holland Property and surrounding area.

3.      Defendant CNH America LLC as successor-in-interest to New Holland North America, Inc. p/k/a Ford New Holland, Inc., is a Delaware limited liability company with its principal place of business in Lake Forest, Illinois.  CNH America LLC is authorized to do business and is doing business in the State of Nebraska at times pertinent hereto.  Defendant CNH America LLC may be served with process by serving its registered agent, *CT Corporation System, 301 South 13th Street, Suite 500, Lincoln, NE, 68508.*

4.       Defendant New Holland, Inc. is a Delaware corporation with its principal place of business in New Holland, Pennsylvania.  New Holland, Inc. is authorized to do business, and is doing business, in the State of Nebraska at times pertinent hereto.  Defendant New Holland, Inc. may be served with process by serving its registered agent, *CT Corporation System, 206 South 13th Street, Suite 1500, Lincoln, NE 68508.*

5.      Defendant Fiatallis North America, Inc.  is a Delaware corporation with its principal place of business in Lake Forest, Illinois.  Fiatallis North America, Inc. is authorized to do business and is doing business in the State of Nebraska at times pertinent hereto.  Defendant Fiatallis North America, Inc. may be served with process by serving its registered agent,  *CT Corporation System, 301 South 13th Street, Suite 500, Lincoln, NE, 68508.*

6.      Defendant Case New Holland, Inc. is a Delaware corporation with its principal place of business in Lake Forest, Illinois.  Case New Holland, Inc. is authorized to do business and is

doing business in the State of Nebraska at times pertinent hereto. Defendant Case New Holland, Inc. may be served with process by serving its registered agent, *CT Corporation System, 301 South 13th Street, Suite 500, Lincoln, NE, 68508.*

7.      Defendant CNH Global N.V., Inc. is a corporation organized under the laws of the Kingdom of the Netherlands with its principal place of business in Lake Forest, Illinois. CNH Global, N.V. is authorized to do business and is doing business in the State of Nebraska at times pertinent hereto. Defendant CNH Global N.V., Inc. may be served with process at *CNH Global, N.V., 100 Saunders Road, Suite 200, Lake Forest, Illinois, 60045.*

8.      Defendant Unisys Corporation as successor-in-interest to Sperry Corporation p/k/a Sperry Rand Corporation is a Delaware corporation with its principal place of business in Bluebell, Pennsylvania. Unisys Corporation is authorized to do business and is doing business in the State of Nebraska at times pertinent hereto. Defendant Unisys Corporation may be served with process by serving its registered agent, *CT Corporation System, 405 2nd Avenue S., Minneapolis, MN, 55401.*

9.      Defendant Ford Motor Company is a Delaware corporation with its principal place of business in Dearborn, Michigan. Ford Motor Company is authorized to do business and is doing business in the State of Nebraska at times pertinent hereto. Defendant Ford Motor Company may be served with process by serving its registered agent, *CT Corporation System, 301 South 13th Street, Suite 500, Lincoln, NE, 68508.*

### III. JURISDICTION AND VENUE

10.     Plaintiffs are individuals who are or were residents, landowners, or both in or around the Case New Holland Property and the surrounding area or are individuals who are or were

otherwise affected by contamination in or around the Case New Holland Property and the surrounding area.

11.     Defendants, or other parties known or unknown for whom the Defendants are legally responsible, owned, possessed, operated, maintained, or otherwise held interest in the Case New Holland Property, including, but not limited to, all improvements to said Property.

12.     Any and all injuries to Plaintiffs or Plaintiffs' properties alleged herein occurred in or around the Case New Holland Property and the surrounding area.

13.     The Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity of citizenship), in that this is a civil action between citizens of different states in which the matter in controversy exceeds, with respect to each Plaintiff, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

14.     Venue is proper in this Court under 28 U.S.C. § 1332(a)(1) because virtually all of the acts or omissions giving rise to Plaintiffs' claims occurred in Hall County, Nebraska, within this District.

## IV.  STATEMENT OF FACTS

15.      Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs one (1) through fourteen (14) inclusive.

16.     The origins of the manufacturing facility, which is known today as Case New Holland, trace back to 1965 when a division of Sperry Rand Corporation began manufacturing agricultural equipment on the Case New Holland Property.  At various times, the Property was or is owned and operated by each of the Defendants, their agents, their predecessors or successors-in-interest, their assigns, or by other parties for whom Defendants are responsible.

---

17.     At times pertinent hereto, Defendants owned and operated a manufacturing plant on the Case New Holland Property where Defendants manufactured agricultural equipment.  The Case New Holland Property utilized processes such as industrial metal cleaning, finishing and degreasing equipment, painting, and associated cleanup processes, in conjunction with its manufacturing operation.

18.     Information from the Nebraska Well Head Protection Authority indicates that the Case New Holland Property is located within the 20-year capture zone of two of Grand Island's municipal drinking water wells located in Stolley State Park, about one mile east of the facility.  At times pertinent hereto, Defendants utilized waste disposal methods deleterious to the surrounding community; ignored or violated environmental regulations, including the Comprehensive Environmental Response, Compensation, and Liability Act and the Resource Conservation and Recovery Act; and engaged in other business activities that negatively impacted, and continue to negatively impact, the surrounding community and the environment.

19.     Such business activities include, but are not limited to, releasing known contaminants into an unlined pond on the Case New Holland Property; releasing known contaminants into the soil, air, and  water sources on or near the Case New Holland Property; storing hazardous materials in environmentally unsafe storage containers; and disposing of waste products in unlined pits on and around the Case New Holland Property.

20.     In conducting these unsafe business activities, Defendants placed known contaminants and hazardous substances, including, but not limited to, trichloroethylene (TCE); tetrachloroethylene (PCE or perchloroethylene); 1,1,1-trichloroethane (TCA or methyl chloroform); 1,1 dichloroethane; 1,2 dichloropropane; lead; zinc; chlorothane; copper; napthalene; toluene; xylenes; 1,1 dichloroethene; acetone; antimony; arsenic; barium;

beryllium; cadium; chromium; nickel; and other synthetic and petroleum-derived products, along with their decomposition and breakdown products (hereinafter referred to as the "Contaminants") into Plaintiffs' groundwater, soil, air space, and property, without warning Plaintiffs of the dangers to their health, their property, or the environment.

21.     These Contaminants are known to be toxic to humans, animals, and vegetation.

22.     These Contaminants and others not yet known are still infiltrating Plaintiffs' soil, water, and air through discharges into an unlined pond and unlined pits on the Case New Holland Property; through seepage from buried drums filled with Contaminants; and through seepage from the Case New Holland Property's underground storage tanks. This contamination will be ongoing for an indefinite period of time due to seepage from years of dumping Contaminants and contaminated materials on and around the Case New Holland Property.

23.     Information available to Plaintiffs indicates that the Case New Holland Property began manufacturing agricultural equipment in 1965 under the ownership of Defendant Sperry Rand Corporation.

24.     Information available to Plaintiffs indicates that Defendant Ford Motor Company acquired New Holland, Inc. from Sperry Rand Corporation, then merged it with its Ford Tractor Operation, naming the new company Ford New Holland, Inc.

25.     Information available to Plaintiffs indicates that a subsidiary of Fiat S.P.A. acquired Ford New Holland  Inc. in 1991, merged it with FiatGeotech, and named the new company N.H. Geotech.

26.     Information available to Plaintiffs indicates that N.H. Geotech changed its name to New Holland North America, Inc. in 1993, and that New Holland North America, Inc. was merged into the entity now known as CNH America, L.L.C. as of January 1, 2004.

## V.  GENERAL ALLEGATIONS

27.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs fifteen (15) through twenty-six (26) inclusive.

28.     At all times pertinent hereto, Defendants utilized waste disposal methods deleterious to the surrounding community, ignored or violated environmental regulations, and engaged in other business activities that negatively impacted and polluted, and continue to negatively impact and pollute, the surrounding community and the environment, including properties which are or have been owned by Plaintiffs or on which Plaintiffs reside or have resided.

29.     The Contaminants continuously discharged by Defendants over the last forty years have infiltrated Plaintiffs' air, soil, and water supply, and continue to spread farther and farther out into the surrounding environment.  These discharges of Contaminants by Defendants have been so continuous and intermixed by the natural processes of seepage, aerial dispersion, soil infiltration, and water infiltration that the harm caused by Defendants is not divisible.  Consequently, all Defendants are jointly and severally liable for all consequences of all Defendants' acts.

30.     Among other business practices and activities, information known to Plaintiffs indicates that Defendants:

   a)     Intentionally released Contaminants into the soil and water supply by dumping Contaminants into an unlined pond, unlined burial pits, and unlined burn pits on the Case New Holland Property;

   b)     Continually released Contaminants into an unlined pond, unlined burial pits, and unlined burn pits on the Case New Holland Property that Defendants knew or should have known had seepage problems;

   c)     Continually ignored leaks and seepage from storage tanks, both above ground and underground;

   d)     Purposefully misled government officials to believe Defendants were following proper procedures in handling Contaminants;

    e)        Repeatedly pumped contaminated water and waste into an unlined pond, with the overflow being pumped to the "west field";

    f)        Alone, or in concert with others, engaged in one or more of the listed acts or omissions or cover-up of the listed acts or omissions;

    g)        Periodically buried and burned medical waste on-site along the eastern side of the unlined pond;

    h)        Emptied sludge, solvents, and waste oils into unlined burial pits;

    i)        Failed to adequately monitor the plume of contamination created by such unsafe practices; and

    j)        Failed to follow such practices as would prevent the migration of Contaminants offsite.

31.    At times pertinent hereto, Plaintiffs used or came in contact with water, soil, and air contaminated by Defendants.

32.    At times pertinent hereto, Plaintiffs have suffered, are suffering, and will continue to suffer, among other things, personal injuries, disabilities, mental health issues, or property damage as a result of the contamination of the water, soil, and air by Defendants.

## VI.  SPECIFIC ALLEGATIONS

## A. NEGLIGENCE

33.    Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

34.    Defendants had, and continue to have, a duty to ensure a safe method of disposal of their waste products to protect Plaintiffs and the environment from harm.

35.    Defendants breached their duty to ensure a safe method of waste products disposal by:

    a)        Failing to take appropriate measures to ensure a safe method of disposal of their waste products;

b)      Dumping Contaminants into an unlined pond and unlined pits on the Case New Holland Property;

c)      Failing to control the Contaminants and keep them from continually expanding into Plaintiffs' water, soil, and air;

d)      Failing to take steps necessary to remediate existing contamination in Plaintiffs' water, soil, and air;

e)      Failing to adopt safer methods of disposing of these Contaminants; and

f)      Failing to provide all Plaintiffs with adequate alternative sources of water.

36.     Defendants knew or should have known that Defendants' conduct would harm, and would continue to harm, Plaintiffs.

37.     Defendants' conduct was and is the direct and proximate cause of Plaintiffs' personal injuries, disabilities, mental health issues, pain, suffering, or property damage.

## B.  NEGLIGENT FAILURE TO WARN

38.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

39.     Defendants knew or should have known that the Contaminants would migrate offsite or would contaminate Plaintiffs' soil, air, and water.

40.     When Defendants expelled Contaminants into Plaintiffs' water, soil, and air, Defendants had, and continue to have, a duty to warn Plaintiffs of the harms that exposure to these Contaminants may reasonably cause.

41.     Defendants breached the duty to warn by failing to appropriately advise Plaintiffs of the discharge of the Contaminants into local water sources, soil, and air space.

42.     Defendants knew or should have known that Defendants' conduct would harm, and would continue to harm, Plaintiffs.

---

**43.**    Defendants' conduct was and is the proximate cause of Plaintiffs' personal injuries, disabilities, mental health issues, pain, suffering, or property damage.

## C.  GROSS NEGLIGENCE

44.    Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

**45.**    Defendants had, and continue to have, a duty to ensure a safe method of disposal of their waste products to protect Plaintiffs and the environment from harm.

46.    Defendants breached their duty to ensure a safe method of waste products disposal by:

a)    Failing to take appropriate measures to ensure a safe method of disposal of their waste products;

b)    Dumping Contaminants into an unlined pond and unlined pits on the Case New Holland Property;

c)    Failing to control the Contaminants and keep them from continually expanding into Plaintiffs' water, soil, and air;

d)    Failing to take steps necessary to remediate existing contamination in Plaintiffs' water, soil, and air;

e)    Failing to adopt safer methods of disposing of these Contaminants; and

f)    Failing to provide all Plaintiffs with adequate alternative sources of water.

47.    Once Defendants expelled Contaminants into Plaintiffs' water, soil, and air, Defendants had, and continue to have, a duty to warn Plaintiffs of the harms that exposure to these Contaminants may reasonably cause.

48.    Defendants breached their duty to warn by failing to appropriately advise Plaintiffs of the discharge of the Contaminants into local water sources, soil, and air space.

49.     Defendants' conduct was and is the proximate cause of Plaintiffs' personal injuries, disabilities, mental health issues, pain, suffering, or property damage.

50.     Plaintiffs suffered harm by Defendants' negligent conduct in the form of both physical injuries and property damage.  Plaintiffs will sustain future losses for future medical costs as a direct and proximate cause of ingesting, breathing, bathing in, or otherwise coming in contact with Contaminants discharged by Defendants into Plaintiffs' water sources, soil, and air.

51.     Defendants' actions or omissions were and are conscious and voluntary.

52.     Defendants' actions or omissions did and do present a "clear and present" danger to Plaintiffs.  Furthermore, Defendants' actions or omissions have resulted in, and will continue to result in, grave injury to Plaintiffs.

53.     Defendants were and are aware that their conscious and voluntary actions and or omissions present a "clear and present" danger to Plaintiffs and have resulted in grave injury to Plaintiffs.

### D.  CIVIL CONSPIRACY TO COMMIT GROSS NEGLIGENCE

54.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

55.     Each Defendant conspired with every other Defendant to commit gross negligence by intentionally failing to disclose information regarding Contaminants to government agencies or affected residents.  Each successor Defendant conspired with its predecessor Defendant by continuing harmful and deceptive business practices at the Case New Holland Property.  Each parent company Defendant conspired with its subsidiary Defendant or subsidiary Defendants by instructing the subsidiary Defendant to do actions harmful to Plaintiffs' air, soil, and water supply or not to do actions to correct prior harmful actions.

56.     Defendants had, and continue to have, a duty to ensure a safe method of disposal of their waste products to protect Plaintiffs and the environment from harm.

57.     Defendants breached their duty to ensure a safe method of waste products disposal by:

    a)    Failing to take appropriate measures to ensure a safe method of disposal of their waste products;

    b)    Dumping Contaminants into an unlined pond and unlined pits on the Case New Holland Property;

    c)    Failing to control the Contaminants and keep them from continually expanding into Plaintiffs' water, soil, and air;

    d)    Failing to take steps necessary to remediate existing contamination in Plaintiffs' water, soil, and air;

    e)    Failing to adopt safer methods of disposing of these Contaminants; and

    f)    Failing to provide all Plaintiffs with adequate alternative sources of water.

58.     Once Defendants expelled Contaminants into Plaintiffs' water, soil, and air, Defendants had, and continue to have, a duty to warn Plaintiffs of the harms that exposure to these Contaminants may reasonably cause.

59.     Defendants breached their duty to warn by failing to appropriately advise Plaintiffs of the discharge of the Contaminants into local water sources, soil, and air space.

Defendants' conduct was and is the proximate cause of Plaintiffs' personal injuries, disabilities, mental health issues, pain, suffering, or property damage.

60.     Plaintiffs suffered harm by Defendants' negligent conduct in the form of both physical injuries and property damage.  Plaintiffs will sustain future losses for future medical costs as a direct and proximate cause of ingesting, breathing, bathing in, or otherwise coming in contact with Contaminants discharged by Defendants into Plaintiffs' water sources, soil, and air.

61.     Defendants' actions or omissions were and are conscious and voluntary.

62.     Defendants' actions or omissions did and do present a "clear and present" danger to Plaintiffs.  Furthermore, Defendants' actions or omissions have resulted in, and will continue to result in, grave injury to Plaintiffs.

63.     Defendants were and are aware that their conscious and voluntary actions and or omissions present a "clear and present" danger to Plaintiffs and have resulted in grave injury to Plaintiffs.

## E.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

65.     Defendants had, and continue to have, a duty to ensure a safe method of disposal of their waste products to protect Plaintiffs and the environment from harm.

66.     Defendants breached their duty to ensure a safe method of waste products disposal by:

a)      Failing to take appropriate measures to ensure a safe method of disposal of their waste products;

b)      Dumping Contaminants into an unlined pond and unlined pits on the Case New Holland Property;

c)      Failing to control the Contaminants and keep them from continually expanding into Plaintiffs' water, soil, and air;

d)      Failing to take steps necessary to remediate existing contamination in Plaintiffs' water, soil, and air;

e)      Failing to adopt safer methods of disposing of these Contaminants; and

f)      Failing to provide all Plaintiffs with adequate alternative sources of water.

67.     Once Defendants expelled Contaminants into Plaintiffs' water, soil, and air, Defendants had, and continue to have, a duty to warn Plaintiffs of the harms that exposure to these Contaminants may reasonably cause.

68.     Defendants breached their duty to warn by failing to appropriately advise Plaintiffs of the discharge of the Contaminants into local water sources, soil, and air space.

69.     As a direct and proximate cause of Defendants' conduct, Plaintiffs are emotionally distressed by the injuries sustained either by themselves or by individuals with whom Plaintiffs share an intimate familial relationship and  by the reasonable fear of the known and unknown consequences to the health or mental abilities of either themselves or of individuals with whom Plaintiffs share an intimate familial relationship.

**70.**     As a direct and proximate cause of Defendants' negligent conduct, Plaintiffs emotional distress has manifested itself through injuries evidenced by objective, physical symptomology that is medically diagnosable.

### F.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

**72.**     Defendants had, and continue to have, a duty to ensure a safe method of disposal of their waste products to protect Plaintiffs and the environment from harm.

73.     Defendants breached their duty to ensure a safe method of waste products disposal by:

   a)     Failing to take appropriate measures to ensure a safe method of disposal of their waste products;

   b)     Dumping Contaminants into an unlined pond and unlined pits on the Case New Holland Property;

c)     Failing to control the Contaminants and keep them from continually expanding into Plaintiffs' water, soil, and air;

d)     Failing to take steps necessary to remediate existing contamination in Plaintiffs' water, soil, and air;

e)     Failing to adopt safer methods of disposing of these Contaminants; and

f)     Failing to provide all Plaintiffs with adequate alternative sources of water.

74.     Once Defendants expelled Contaminants into Plaintiffs' water, soil, and air, Defendants had, and continue to have, a duty to warn Plaintiffs of the harms that exposure to these Contaminants may reasonably cause.

75.     Defendants breached their duty to warn by failing to appropriately advise Plaintiffs of the discharge of the Contaminants into local water sources, soil, and air space.

76.     Defendants' actions or omissions were and are intentional or reckless.

77.     Defendants' conduct was and is so outrageous and so extreme that the conduct goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community.

78.     Defendants' actions or omissions directly and proximately caused Plaintiffs to suffer emotional distress.

79.     The emotional distress suffered by Plaintiffs due to Defendants' actions or omissions was and is so severe that no reasonable person would be expected to endure it.

## G.  CIVIL CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

81.     Each Defendant conspired with every other Defendant to commit intentional infliction of emotional distress by intentionally failing to disclose information regarding

Contaminants to government agencies or affected residents.  Each successor Defendant conspired with its predecessor Defendant by continuing harmful and deceptive business practices at the Case New Holland Property.  Each parent company Defendant conspired with its subsidiary Defendant or subsidiary Defendants by instructing the subsidiary Defendant to do or not to do actions harmful to Plaintiffs' air, soil, and water supply.

82.    Defendants had, and continue to have, a duty to ensure a safe method of disposal of their waste products to protect Plaintiffs and the environment from harm.

83.    Defendants breached their duty to ensure a safe method of waste products disposal by:

a)    Failing to take appropriate measures to ensure a safe method of disposal of their waste products;

b)    Dumping Contaminants into an unlined pond and unlined pits on the Case New Holland Property;

c)    Failing to control the Contaminants and keep them from continually expanding into Plaintiffs' water, soil, and air;

d)    Failing to take steps necessary to remediate existing contamination in Plaintiffs' water, soil, and air;

e)    Failing to adopt safer methods of disposing of these Contaminants; and

f)    Failing to provide all Plaintiffs with adequate alternative sources of water.

84.    Once Defendants expelled Contaminants into Plaintiffs' water, soil, and air, Defendants had, and continue to have, a duty to warn Plaintiffs of the harms that exposure to these Contaminants may reasonably cause.

85.    Defendants breached their duty to warn by failing to appropriately advise Plaintiffs of the discharge of the Contaminants into local water sources, soil, and air space.

86.    Defendants' actions or omissions were and are intentional or reckless.

87.     Defendants' conduct was and is so outrageous and so extreme that the conduct goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community.

88.     Defendants' actions or omissions directly and proximately caused Plaintiffs to suffer emotional distress.

**89.**     The emotional distress suffered by Plaintiffs due to Defendants' actions or omissions was and is so severe that no reasonable person would be expected to endure it.

## H. NEGLIGENT MISREPRESENTATION

90.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

91.     In the course of their business, Defendants supplied false information for the guidance of others in their business transactions.

92.     Defendants were and are under a public duty to file information regarding waste products and Contaminants with certain government agencies for the benefit of the public. Defendants failed to file this information as required by law.

93.     Plaintiffs, other individuals, and other entities reasonably, justifiably, and without knowledge of the falsity of Defendants' misrepresentations relied, both directly and indirectly, upon the information given to them.

94.     Based upon this reliance, Plaintiffs did not have cause to believe that there were Contaminants were in Plaintiffs' water sources, soil, and air.

95.     Based upon this reliance, Plaintiffs did not have cause to believe that such Contaminants were harmful to Plaintiffs.

96.     In addition, based upon this reliance, Plaintiffs did not have cause to believe that their real property would diminish in value when they purchased said property.

97.     As a result of Plaintiffs' reliance on Defendants' negligent misrepresentations and omissions, Plaintiffs suffered personal injuries and property damage.

**98.**     As a result of Plaintiffs' reliance on Defendants' misrepresentations and omissions, Plaintiffs have been and continue to be,  irreparably harmed.

# I. FRAUD

**99.**     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

100.     Defendants made material representations to Plaintiffs regarding the lack of harm or relative safety of Defendants' business activities, the absence of contamination on or around the Property, and the distribution of Contaminants and other toxic chemicals in ways that harmed Plaintiffs.  Defendants made these material representations through the manner in which they situated the Case New Holland Property, conducted their business operations, and marketed their image to the public.  Specifically, Defendants made the following false material representations:

   a)     On or about March 7, 1977, New Holland denied that it was at fault for a fish kill or for overloading of the wastewater treatment plant;

   b)     On or about November 9, 1995, New Holland represented that no detected contamination levels in water offsite have been above the required MCLs;

   c)     On or about September 25, 2003, CNH represented that it is not responsible for water contamination in the area of Grand Island that is southwest from the Case New Holland Property;

   d)     On or about January 9, 2004, CNH represented that it is not responsible for the contamination in the Mary Lane and Kentish Hills subdivisions; and

e)   On or about April 7, 2004, CNH again represented that it is not the source of contamination in the Mary Lane and Kentish Hills subdivisions.

101.   These material representations made by Defendants were false.  Defendants knew that these material representations were false, or there was a reckless disregard as to the truth or falsity of the statements.

102.   Defendants intended that Plaintiffs rely on these false material representations. Plaintiffs reasonably and justifiably relied on these false material representations.

103.   As a result of Plaintiffs' reliance on Defendants' false material representations, Plaintiffs suffered damages.

## J.  FRAUDULENT CONCEALMENT

104.   Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

105.   Defendants concealed or suppressed material facts regarding the lack of harm or relative safety of their business activities, the absence of contamination on the Case New Holland Property, and the distribution of Contaminants and other toxic chemicals in ways which harmed Plaintiffs.  Specifically, Defendants:

a)   Concealed evidence from Plaintiffs, the public, and other entities from the inception of the manufacturing plant on the Case New Holland Property regarding Defendants' disposal of hazardous waste and chemicals in an unlined pond, unlined burial pits, and unlined burn pits on the Case New Holland Property;

b)   Concealed evidence from Plaintiffs, the public, and other entities from the inception of the manufacturing plant on the Case New Holland Property regarding Defendants' opening of trenches from the unlined burial pits to utilize them for the disposal of hazardous waste and chemicals;

c)   Concealed evidence from Plaintiffs, the public, and other entities that Contaminants from Defendants' unsafe disposal of hazardous waste had

migrated offsite and spread into the groundwater utilized by Plaintiffs and others in the area.

106.    Defendants had knowledge of these concealed or suppressed material facts.  These concealed or suppressed material facts were not within the reasonably diligent attention, observation, and judgment of the Plaintiffs.

107.    Defendants concealed or suppressed these material facts with the intention that Plaintiffs be misled, and Plaintiffs were reasonably misled.

108.    Based upon this suppression or concealment of material facts, Plaintiffs did not have cause to believe that Contaminants were in Plaintiffs' water sources, soil, and air.

109.    Based upon this suppression or concealment of material facts, Plaintiffs did not have cause to believe that such Contaminants were harmful to Plaintiffs.

110.    Based upon this suppression or concealment of material facts, Plaintiffs did not have cause to believe that their real property would diminish in value when they purchased said property.

111.    As a result of Plaintiffs' reliance on Defendants' fraudulent misrepresentations and omissions, Plaintiffs suffered personal injuries and property damage.  Plaintiffs will sustain future medical costs as a direct and proximate cause of ingesting, breathing, bathing in, or otherwise coming in contact with Contaminants discharged by Defendants into Plaintiffs' water sources, soil, and air.  Plaintiffs' harm is irreparable.

## K.  CIVIL CONSPIRACY TO COMMIT FRAUD

112.    Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

113.    Each Defendant conspired with every other Defendant to commit fraud by making material representations that were either known by Defendants to be false or were made with reckless disregard as to the truth or falsity of the representations.  Each successor Defendant

conspired with its predecessor Defendant by continuing the harmful and deceptive business practices at the Case New Holland Property.  Each parent company Defendant conspired with its subsidiary Defendant or subsidiary Defendant by instructing the subsidiary Defendant to do or not do actions harmful to Plaintiffs' air, soil, and water supply.

114.    Defendants knew their material representations to government officials, inspectors, employees, and residents in and around the Case New Holland Property were false, or Defendants made these false material representations with reckless disregard to their truth or falsity.

115.    Defendants made these material representations with the intent to induce Plaintiffs, other individuals, or other entities to believe and rely on the representations that the Defendants' waste disposal and the effects thereof were not hazardous.

116.    Plaintiffs, other individuals, and other entities reasonably, justifiably, and without knowledge of the falsity of the Defendants' misrepresentations relied, both directly and indirectly, upon the information or lack of information given to them.

117.    Based upon this reliance, Plaintiffs did not have cause to believe that Contaminants were in Plaintiffs' water sources, soil, and air.

118.     Based upon this reliance, Plaintiffs did not have cause to believe that such Contaminants were harmful to Plaintiffs.

119.    In addition, based upon this reliance, Plaintiffs did not have cause to believe that their real property would diminish in value when they purchased said property.

**120.**    As a result of Plaintiffs' reliance on Defendants' false material representations, Plaintiffs suffered personal injuries and property damage.  Plaintiffs will sustain future losses for medical costs as a direct and proximate cause of ingesting, breathing, bathing in, or otherwise

coming in contact with Contaminants discharged by Defendants into Plaintiffs' water sources, soil, and air.  Plaintiffs' harm is irreparable.

## L.  CONSPIRACY TO COMMIT FRAUDULENT CONCEALMENT

121.    Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

**122.**    Each Defendant conspired with every other Defendant to commit fraudulent concealment by concealing or suppressing material facts of which Defendants had knowledge and which were not within the reasonably diligent attention, observation, and judgment of the Plaintiffs.  Each successor Defendant conspired with its predecessor Defendant by continuing the harmful and deceptive business practices at the Case New Holland Property.  Each parent company Defendant conspired with its subsidiary Defendant or subsidiary Defendant by instructing the subsidiary Defendant to do or not do actions harmful to Plaintiffs' air, soil, and water supply.

123.    Defendants concealed or suppressed these material facts with the intent that Plaintiffs be misled.  Plaintiffs were misled.  Specifically, Defendants:

a)    Concealed evidence from Plaintiffs, the public, and other entities from the inception of the manufacturing plant on the Case New Holland Property regarding Defendants' disposal of hazardous waste and chemicals in an unlined pond, unlined burial pits, and unlined burn pits on the Case New Holland Property;

b)    Concealed evidence from Plaintiffs, the public, and other entities from the inception of the manufacturing plant on the Case New Holland Property regarding Defendants' opening of trenches from the unlined burial pits to utilize them for the disposal of hazardous waste and chemicals;

c)    Concealed evidence from Plaintiffs, the public, and other entities that Contaminants from Defendants' unsafe disposal of hazardous waste had migrated offsite and spread into the groundwater utilized by Plaintiffs and others in the area.

124.    Based upon this suppression or concealment of material facts, Plaintiffs did not have cause to believe that Contaminants were in Plaintiffs' water sources, soil, and air.

125.     Based upon this suppression or concealment of material facts, Plaintiffs did not have cause to believe that such Contaminants were harmful to Plaintiffs.

126.    Based upon this suppression or concealment of material facts, Plaintiffs did not have cause to believe that their real property would diminish in value when they purchased said property.

127.    As  a result of Defendants' suppression or concealment of material facts, Plaintiffs suffered personal injuries and property damage.  Plaintiffs will sustain future losses for medical costs as a direct and proximate cause of ingesting, breathing, bathing in, or otherwise coming in contact with Contaminants discharged by Defendants into Plaintiffs' water sources, soil, and air.  Plaintiffs' harm is irreparable.

### M.  BATTERY

128.    Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

129.    As a direct and proximate result of Defendants' discharge of Contaminants into Plaintiffs' water, soil, and air, offensive contact with Plaintiffs occurred, both directly and indirectly, and continues to occur, both directly and indirectly.

**130.**    Defendants owe Plaintiffs for damages resulting from Defendants' conduct.

### N.  CIVIL CONSPIRACY TO COMMIT BATTERY

131.    Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

132.    Each Defendant conspired with every other Defendant to commit battery by intentionally failing to disclose information regarding Contaminants to government agencies or

affected residents.  Each successor Defendant conspired with its predecessor Defendant by continuing harmful and deceptive business practices at the Case New Holland Property.  Each parent company Defendant conspired with its subsidiary Defendant or subsidiary Defendants by instructing the subsidiary Defendant to do or not do actions harmful to Plaintiffs' air, soil, and water supply.

133.    By discharging Contaminants into Plaintiffs' water, soil, and air without permission and against the will of the Plaintiffs, Defendants intended to cause harmful or offensive contact with Plaintiffs.

134.    As a direct and proximate result of Defendants' discharge of Contaminants into Plaintiffs' water, soil, and air, offensive contact with Plaintiffs occurred, both directly and indirectly, and continues to occur, both directly and indirectly.

**135.**    Defendants owe Plaintiffs for damages resulting from Defendants' conduct.

## O.  TRESPASS TO REAL PROPERTY

136.    Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

137.    By discharging Contaminants into Plaintiffs' water, soil, and air, Defendants entered Plaintiffs' properties.

138.    Defendants were not and are not authorized to enter Plaintiffs' properties.

139.    As a result of Defendants' unauthorized entrance onto Plaintiffs' properties and of the public's knowledge regarding Defendants' contamination of Plaintiffs' properties, the value of Plaintiffs' properties is diminished.

## P.  PRIVATE NUISANCE

140.    Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

141.   Defendants discharged, and continue to discharge, dangerous waste materials from their manufacturing processes, which are contaminating the Case New Holland Property and the surrounding area.  These Contaminants are invading Plaintiffs' interest in the private use and enjoyment of their land.   These Contaminants are harmful to human life, plant life, and animal life.

142.   Defendants' discharge of dangerous waste materials and the subsequent contamination of the Case New Holland Property and the surrounding area is intentional and unreasonable.  Defendants acted purposefully in discharging these Contaminants.  Defendants knew or should have known that these dangerous waste materials would migrate offsite and invade Plaintiffs' interest in the private use and enjoyment of their land.

143.   Defendants' discharge of dangerous waste materials and the subsequent contamination of the Case New Holland Property and the surrounding area is otherwise actionable under the rules controlling liability for negligence.

144.   Defendants' discharge of dangerous waste materials into an unlined pond, unlined burial pits, and unregulated burn pits and the resulting contamination of the Case New Holland Property and the surrounding area is an abnormally dangerous activity.

145.   Pursuant to Nebraska Statute §81-1506, these discharges are prima facie evidence that Defendants maintained and continue to maintain a nuisance injurious to Plaintiffs' health.

146.   Defendants' discharge of Contaminants in and around the Case New Holland Property invades Plaintiffs' interest in the private use and enjoyment of their land.

147.   Defendants' discharge of Contaminants in and around the Case New Holland Property renders the ordinary use or occupation of Plaintiffs' property physically uncomfortable.

148.   Defendant's discharge of Contaminants in and around the Case New Holland Property is unreasonable, unwarranted, and unlawful.

149.     As a direct and proximate result of Defendants' discharge of Contaminants, Plaintiffs have suffered damages including, but not limited to, lost use of property, lost rental value of property, denial of useful and quiet enjoyment of property, diminution in fair market value of property, impairment of the ability to market and sell property, losses related to contamination of property, personal inconvenience, personal discomfort, and injury to health.

## Q.  UNJUST ENRICHMENT

150.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

151.     By discharging Contaminants onto Plaintiffs' land and into Plaintiffs' air, soil, and water supply rather than taking proper measures to dispose of Contaminants, Defendants derived a benefit, of which Defendants had knowledge.

152.     Defendants voluntarily accepted and retained this benefit conferred on them.

153.     Circumstances are such that it would be inequitable for Defendant to retain the benefit of disposing of Contaminants without paying the value thereof to Plaintiffs.

154.     Defendants owe Plaintiffs an amount equal to the amount Defendants saved by not properly disposing of Contaminants since 1965.

## R.  WRONGFUL DEATH

155.     Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through thirty-two (32) inclusive.

156.     Defendants had, and continue to have, a duty to ensure a safe method of disposal of their waste product to protect Plaintiffs and the environment from harm.

157.   Defendants breached that duty by failing to take appropriate measure to ensure a safe method of disposal of their waste products.  Instead, Defendants discharged contaminants into Plaintiffs' water, soil and air.

158.   Defendants knew or should have known that Defendants' conduct harmed and continues to harm Plaintiffs.

159.   Defendants' conduct was the proximate cause of Plaintiffs' personal injuries.  As a result of Defendants' conduct, Plaintiffs died.

160.   Defendants' conduct would have entitled decedents to maintain an action and recover damages against Defendants under each and every cause of action set forth herein if death had not ensued.

161.   Pursuant to Nebraska Statute § 30-809, Plaintiffs are authorized to bring this wrongful death action against Defendants on behalf of decedents' survivors and estates.

## VII.  DAMAGES

162.   Plaintiffs reallege and incorporate by reference as if fully set forth herein Paragraphs twenty-seven (27) through one-hundred-sixty-one (161) inclusive.

163.   As the direct and proximate result of the acts and omissions of Defendants as set forth above, Plaintiffs have suffered both physical injuries and property damage.  Plaintiffs seek past and future damages including, but not limited to, the following:

      a)   Medical expenses;

      b)   Physical pain and suffering;

      c)   Mental anguish;

      d)   Loss of earning capacity;

      e)   Lost wages;

f)       Out-of-pocket expenses in procuring an alternative source of water;

g)       Increased likelihood of future disease or physical and mental disorders or problems;

h)       Fear of future disease or physical and mental disorders or problems;

I)       Diminished quality of life;

j)   Disfigurement and loss of enjoyment of life;

k)   Physical impairment;

l)   Loss of spousal consortium, including, but not limited to, loss of love, companionship, fellowship, cooperation, aid, sexual relations, affection, solace, comfort, conjugal life, society, and assistance;

m)   Lost use of property;

n)   Lost rental value of property;

o)   Lost crops;

p)   Lost profits;

q)   Diminution in fair market value of property;

r)   Impairment of the ability to market and sell property;

s)   Cost of remediation of property;

t)   Personal inconvenience;

u)   Personal discomfort;

v)   Emotional distress;

w)   Any and all other damages which have or may arise in the future that are presently unnamed;

x)   Court costs; and

y)   Attorneys' fees.

## VIII.  JURY DEMAND

164.   Plaintiffs hereby demand trial by jury.

## IX REQUEST FOR PLACE OF TRIAL

165.   Plaintiffs request that this matter be tried in Lincoln, Nebraska, for the convenience of witness.

## X.  PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request that

Defendants be cited to appear and answer, and that upon final hearing, Plaintiffs have judgment

against Defendants, jointly and severally, for:

a)   Actual damages, including, but not limited to, incidental and consequential damages for injury to person and property as set forth above;

b)   Costs of court;

c)   Pre-judgment and post-judgment interest at the maximum rate allowable by law; and

d)   All such other and further relief at law and in equity to which Plaintiffs may be justly entitled.

Respectfully submitted,

**Jim R. Ross, Lead Counsel**
Texas State Bar No. 24010362
*Pro Hac Vice Pending*

**John D. Mixon**
Texas State Bar No. 14231300
*Pro Hac Vice Pending*

**McCurdy & McCurdy, L.L.P.**
524 East Lamar Boulevard, Suite 250
Arlington, Texas 76011
Telephone:  (817) 649-8600
Telecopier:  (817) 649-5008

**Edward L. Masry**
California State Bar No. 31016
*Pro Hac Vice Pending*

**Nancy S. Eichler**
California State Bar No. 75017
*Pro Hac Vice Pending*

**Masry & Vititoe, P.C.**
5707 Corsa Avenue, Second Floor
Westlake Village, California 91362

Telephone:  (818) 991-8900
Telecopier:  (818) 991-6200

s/ L. William Kelly III

**L. William Kelly III**
Nebraska State Bar No. 15096

**Kelly, Schroeder, & Vonseggern**
305 South Locust Street
P.O. Box 1545
Grand Island, Nebraska 68802-1545
Telephone:  (308) 382-7510
Telecopier:   (308) 382-7513