IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN SCHWAN, et al. | ) | 4:04CV3384 |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CNH AMERICA LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Two hundred and fifty-four plaintiffs, counting separately the interests of plaintiffs who are suing both individually and in a representative capacity (either as next friend for one or more minors or as the personal representative of a decedent's estate), claim that eight different companies are liable for personal injuries, deaths, and property damage attributed to forty years of pollution at an industrial site in Grand Island, Nebraska, known as the Case New Holland property. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Four motions to dismiss the plaintiffs' second amended complaint (filing 74) have been filed by seven of the defendants, namely: Ford Motor Company, a Delaware corporation that has its principal place of business in Michigan (filing 78); Unisys Corporation, a Delaware corporation that has its principal place of business in Pennsylvania (filing 80); CNH America LLC, a Delaware limited liability company that has its principal place of business in Illinois (filing 82); Case New Holland, Inc., a Delaware corporation that has its principal place of business in Illinois (filing 84); Fiatallis North America LLC, a Delaware limited liability company that has its principal place of business in Delaware (filing 84); Fiatallis North America, Inc., a Delaware corporation that has its principal place of business in Illinois[1] (filing 84);

---

[1] Fitallis North America LLC was added as a defendant with the filing of the plaintiffs' second amended complaint on July 25, 2005, and it is alleged that it was

and CNH Global N.V., a Netherlands corporation that has its principal place of business in Illinois (filing 84). The remaining defendant, Fiat S.p.A., an Italian corporation that has its principal place of business in Italy, does not appear to have been served.

Although the defendants' motions to dismiss are only filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must satisfy itself that subject matter jurisdiction exists in this action before considering whether the plaintiffs' second amended complaint states a claim upon which relief can be granted. See Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). It is the plaintiffs' burden to plead the citizenship of the parties in attempting to invoke diversity jurisdiction. See Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997); Fed. R. Civ. P. 8(a)(1). See also Sanders, 823 F.2d at 216 (complaint that stated plaintiff's residency, but not his citizenship, and that did not state the principal place of business of corporate defendants, was inadequate to establish diversity jurisdiction).

In this case, it is alleged that "Plaintiffs are residents of Nebraska, Tennessee, Colorado, Arizona, Iowa, Missouri, New York, and South Dakota." (Filing 74, ¶ 15.) Alleging residency, as opposed to citizenship, is insufficient as a matter of law. See id. Moreover, with respect to the numerous next friends representing minors and six personal representatives bringing suit on wrongful death and survival claims, it is not clear who the referenced "plaintiffs" are exactly. Generally, it is the citizenship of the minors—not that of their next friends—and the citizenship of the personal

---

formerly known as Fiatallis North America, Inc. The court notes that when a corporation has been converted to a limited liability company under Delaware law, the limited liability company is deemed to be the same entity as the corporation. See Del. Code Ann. tit. 6, § 18-214(g).

representatives—not that of their decedents—that is determinative for purposes of diversity jurisdiction. See Rogers v. Bates, 431 F.2d 16, 19-20 (8th Cir. 1970). Because the plaintiffs' blanket allegation does not establish that each minor and each personal representative is a citizen of one of the eight states listed, complete diversity is not shown to exist.

Also, two of the defendants are alleged to be Delaware limited liability companies. In this circuit, it is the citizenship of the companies' members—not the state in which the company was formed—that is relevant for purposes of establishing diversity jurisdiction. See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004). Thus, to establish diversity, the plaintiffs must allege the citizenship of each member of the defendant CNH America LLC and each member of the defendant Fiatallis North America LLC, and must show that no plaintiff is a citizen of the same state as a member of those companies. This has not been done.

Because of the foregoing pleading deficiencies, the court cannot determine from the face of the second amended complaint whether subject matter jurisdiction exists. The plaintiffs will be granted leave to amend to correct these deficiencies. See Sanders, 823 F.2d at 216-17 (district court abused its discretion by not permitting amendment in order to state plaintiff's citizenship and corporate defendants' principal places of business). When filing a third amended complaint, however, the plaintiffs should also take care to correct some other pleading defects, as discussed below.

It is alleged that 167 plaintiffs sustained personal injuries as a result of their exposure to contaminated air, water, and soil in and around the defendants' property, and that 6 of these plaintiffs died as a result of their injuries. Another 76 plaintiffs allegedly sustained both personal injuries and property damage, while 4 plaintiffs allegedly sustained only property damage. In other words, 247 plaintiffs are alleged to have been injured in one or more ways. As stated above, however, there are 254 plaintiffs named in the caption of the second amended complaint.

Fourteen of the named plaintiffs are not identified in the body of the pleading: Michael Bish; Susan Bish (individually); Greg Eirick; Kathleen Eirick; Pamela Kretzer; Philip Krieser; Cheryl Krieser; Keri Krieser; Matthew Krieser; Angela Meyer; Melissa Meyer; Robert Meyer; William Parten; and Stacia Stone. Conversely, five individuals who are identified as having sustained personal injuries and two individuals who are identified as having sustained both personal injuries and property damage are not named as plaintiffs in the caption: Earl A. Markworth; Alena Dale Markworth; Logan Jacob Joseph Meguire; E. Meguire, a minor; K. Meguire, a minor; Margaret K. Pitt; and Richard E. Willis.

With respect to the fourteen plaintiffs who are not alleged to have suffered any injury, it is apparent that the second amended complaint does not state a claim upon which relief can be granted, and, unless amendment is made, they will be subject to dismissal from the action pursuant to Federal Rule of Civil Procedure 12(b)(6). The seven individuals who are identified as plaintiffs in the body of the second amended complaint but not listed in the caption are not proper parties. See Fed. R. Civ. P. 10(a). Unless amendment is made, their names may be stricken from the pleading pursuant to Federal Rule of Civil Procedure 12(f).

Three of the named plaintiffs are identified in the body of the second amended complaint as minors: Haley McMahon; Chelsey McMahon; and Ashley McMahon. It therefore appears that a next friend or other representative should join the action pursuant to Federal Rule of Civil Procedure 17(c), which may be accomplished simply by amending the caption of the pleading. The same is true for the two Meguire children.

Also, all minors are identified in the caption of second amended complaint by their initials only. Although minors are identified in the body of the pleading by first initial and last name, they, rather than their next friends, are treated as plaintiffs in the pleading. This creates confusion where the minor's last name does not match that of a next friend. Thus, the court can only assume that G. Kolar, a minor, is represented

by Lynn Rath (next friend of "G.K., a minor"), that J. McConnell, a minor, is represented by Rachel Schwan (next friend of "J.M., a minor"), and that H. Copas-Starke and J. Cross, minors, are represented by Terry Starke (next friend of "H.C., J.C., A.S. and L.S., minors"). The court suggests that the plaintiffs strive for consistency between the caption and the body of the third amended complaint regarding the names of all parties. (Although less of a problem, the caption of the second amended complaint also omits middle initials or middle names of the adult plaintiffs, which are used in the body of the pleading.)

In making changes to their pleading, the plaintiffs will <u>not</u> be allowed to add any party (either plaintiff or defendant) that the second amended complaint does not already mention (except next friends or other representatives for the three McMahon and two Meguire children). Similarly, the plaintiffs will <u>not</u> be allowed to add any new claims or theories of recovery when filing a third amended complaint. If any such further amendments are desired, the plaintiffs will need to file a properly supported motion for leave to amend pursuant to Fed. R. Civ. P. 15(a).

The defendants argue that each plaintiff should be required to file a separate complaint, and, to this end, they suggest that the court simply "drop" all plaintiffs except the first-named plaintiff, Joan Schwan suing individually. <u>See</u> Fed. R. Civ. P. 21. While the court can appreciate the defendants' frustration in attempting to sort out the plaintiffs' joint pleading, under the Federal Rules of Civil Procedure "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."[2] <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 724 (1966).

---

[2] In particular, Rule 20(a) provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these

"Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974) (finding that district court abused its discretion in severing joined employment discrimination actions).

> Permissive joinder is not, however, applicable in all cases. [Rule 20(a)] imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.
>
> In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. 7 C. Wright Federal Practice and Procedure § 1653 at 270 (1972). No hard and fast rules have been established under the rule. However, construction of the terms "transaction or occurrence" as used in the context of Rule 13(a) counterclaims offers some guide to the application of this test. For the purposes of the latter rule,
>
>> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the

---

persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).

>    immediateness of their connection as upon their logical relationship.
>
> Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926). Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. 7 C. Wright, Federal Practice and Procedure § 1653 at 270 (1972). The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.
>
>    . . .
>
>    The second requisite necessary to sustain a permissive joinder under the rule is that a question of law or fact common to all the parties will arise in the action. The rule does not require that all questions of law and fact raised by the dispute be common. Yet, neither does it establish any qualitative or quantitative test of commonality. For this reason, cases construing the parallel requirement under Federal Rule of Civil Procedure 23(a) provide a helpful framework for construction of the commonality required by Rule 20. In general, those cases that have focused on Rule 23(a)(2) have given it a permissive application so that common questions have been found to exist in a wide range of context. 7 C. Wright, Federal Practice and Procedure § 1763 at 604 (1972).

Id., 497 F.2d at 1333-34.

In the present action, the plaintiffs each claim to have been injured as a result of the discharge of contaminants from a manufacturing facility that at various times allegedly "was or is owned or operated by each of the Defendants, their agents, their subsidiaries, their predecessors-in-interest, their successors-in-interest, their assigns, or by other parties for whom Defendants are responsible." (Filing 74, ¶ 21.) To the extent that the plaintiffs can allege sufficient facts to establish the liability of each defendant for some personal injury, property damage, or wrongful death, joinder of

the actions would seem to be appropriate. Until the court is satisfied that it has jurisdiction, however, no determination will be made as to whether the plaintiffs' eleven different claims or theories of recovery are adequately pleaded. Thus, the defendants' Rule 12(b)(6) motions will be denied without prejudice.

The court's admonition to the plaintiffs to not add any new claims or theories of recovery when filing their third amended complaint should not be understood to preclude the plaintiffs from clarifying or enhancing their existing claims or theories of recovery. Considering that the defendant CNH America LLC is the only defendant that allegedly discharged contaminants as a "manufacturing entity" (Filing 74, ¶ 52), and that it has only been in existence since January 2004 (Filing 74, ¶ 32), the court will examine very closely the factual basis upon which liability is asserted against each of the defendants.

Finally, the defendants complain that the second amended complaint contains virtually no facts regarding the nature and cause of the plaintiffs' alleged injuries; the plaintiffs, of course, claim that they have met the minimal pleading requirements of Fed. R. Civ. P. 8(a), and they cite Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002), for the proposition that "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." (Filing 87, p. 2.) Without prejudging this pleading sufficiency issue, the court advises the parties that, presently, at least, it is inclined to enter a "Lone Pine order"[3] to require the plaintiffs to define their injuries with precision and to produce some evidence of causation prior to any discovery taking place. Regardless of pleading requirements, in other words, each plaintiff might be required to provide basic evidence supporting a prima facie case or else suffer dismissal. See, generally, Acuna v. Brown & Root, Inc., 200 F.3d 335, 338-40 (5th Cir. 2000) (affirming dismissal of toxic tort case where 1,600 plaintiffs suing over 100 defendants failed to provide expert affidavits with specific information

---

[3] Lore v. Lone Pine Corp., No. L 33606-85, 1986 WL 637507 (N.J. Super. Ct. Law Div., Nov. 18, 1986).

required by district court's <u>Lone Pine</u> order, including, for each plaintiff, the injury or illness suffered, the materials or substances causing the injury and their source, the dates or circumstances and means of exposure, and the scientific and medical bases for the expert's opinions; <u>Lone Pine</u> order was authorized by Fed. R. Civ. P. 16 and essentially required the plaintiffs to provide evidentiary information that they should have had before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3)).

Magistrate Judge Piester has ordered that the parties file their Rule 26 planning conference report within 10 days after a ruling on the pending motions to dismiss, and that a Rule 16(b) planning conference be scheduled thereafter. (Filing 77.) In light of today's ruling, which decides only jurisdictional pleading issues, and because the court may implement special pre-discovery procedures once the plaintiffs' pleading is finalized (assuming that the plaintiffs' actions are not severed), Judge Piester's order will be modified to provide that the deadline for filing the Rule 26 planning conference report is continued indefinitely, until further order of the court.

Accordingly,

IT IS ORDERED that:

1. Plaintiffs, within twenty (20) days of today's date, shall file a third amended complaint, in conformity with the court's foregoing memorandum, that establishes subject matter jurisdiction in this matter.

2. Upon Plaintiffs' failure to comply with paragraph 1 above, their action may be dismissed without prejudice, immediately and without further notice.

3. Upon Plaintiffs' timely filing and service of a third amended complaint, Defendants shall have twenty (20) days thereafter to file their responses.

4.  Defendants' motions to dismiss (filings 78, 80, 82, 84) are denied without prejudice. Defendant Unisys Corporation's request for oral argument on its motion (filing 80) is also denied.

5.  Magistrate Judge Piester's scheduling order of July 28, 2005 (filing 77), is modified to provide that the parties' deadline for filing their Rule 26 planning conference report is continued indefinitely, until further order of the court.

October 31, 2005.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge