FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

2006 JUN 19  PM 3: 39

OFFICE OF THE CLERK

| | | |
|---|---|---|
| JOAN SCHWAN, et al., | ) | Civil Action No. 4:04CV3384 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CNH AMERICA LLC as successor-in- | ) | |
| interest to NEW HOLLAND NORTH | ) | |
| AMERICA, INC. p/k/a FORD NEW | ) | |
| HOLLAND, INC.; NEW HOLLAND, INC.; | ) | |
| CASE NEW HOLLAND, INC.; | ) | |
| CNH GLOBAL, N.V.; | ) | |
| UNISYS CORPORATION as successor- | ) | |
| in-interest to SPERRY CORPORATION | ) | |
| p/k/a SPERRY RAND CORPORATION; | ) | |
| and FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

On December 12, 2005, Ford Motor Company ("Ford") moved to dismiss
with prejudice plaintiffs' third amended complaint pursuant to Federal Rule of
Civil Procedure 12(b)(6). In its motion, Ford argued that plaintiffs' third amended
complaint should be dismissed because (1) plaintiffs failed to sufficiently allege an
"alter ego" relationship between Ford and its former subsidiary Ford New Holland,
Inc., and (2) plaintiffs failed to state a claim that Ford was directly liable through
its purported control of the Case New Holland property or through its purported
contractual agreements to accept liability for certain alleged contaminated areas
at the property.

On May 4, 2006, this Court entered a Memorandum and Order granting, among other things, Ford's motion to dismiss.  The Court found that plaintiffs failed to state a claim that Ford was liable to them because of Ford's alleged control of the property or because of Ford's alleged contractual liability.  These claims were dismissed with prejudice.  Additionally, the Court dismissed without prejudice plaintiffs' claims that Ford was the alter ego of Ford New Holland, Inc.  With respect to the latter, plaintiffs were given fourteen (14) days to file a fourth amended complaint setting forth sufficient allegations that Ford was the alter ego of Ford New Holland, Inc.  The Court ruled that if plaintiffs did not file a fourth amended complaint within fourteen days, the Court would enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) that dismisses Ford as a party defendant, there being no just reason for delay.

More than fourteen days have now passed since this Court's May 4, 2006 Memorandum and Order, and plaintiffs have not filed a fourth amended complaint.  Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), and for the reasons set forth in this Court's May 4, 2006 Memorandum and Order, the Court finds that final judgment dismissing Ford as a party defendant should be entered, there being no just reason for delay.

IT IS, THEREFORE, ORDERED that plaintiffs' third amended complaint against Ford Motor Company is hereby dismissed with prejudice.  There being no

just reason for delay, the Court directs the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

DATED this _19_ day of June, 2006.

BY THE COURT:

United States District Judge