IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN SCHWAN, et al., | ) | 4:04CV3384 |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| CNH AMERICA LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

One of the defendants, Fiat S.p.A., an Italian corporation, has filed a motion to dismiss for lack of personal jurisdiction. The plaintiffs, after responding to the motion to dismiss, have filed a motion for leave to conduct jurisdictional discovery. Upon careful review and consideration of the evidence and arguments presented, I conclude that the defendant's motion to dismiss should be denied for failure to controvert the plaintiffs' jurisdictional allegations, and that the plaintiffs' discovery motion should be denied as moot.

The analysis of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) generally examines (1) whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute and (2) whether the exercise of personal jurisdiction comports with the requirements of due process. See Stanton v. St. Jude Medical, Inc., 340 F.3d 690, 693 (8th Cir. 2003). However, because "Nebraska has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution[,]" id. (footnote omitted), only the due process issue needs to be examined here.

Due process requires that there be sufficient "minimum contacts" between the nonresident defendant and the forum state such that

> "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum state are such that he [or she] should reasonably anticipate being haled into court there." Id. at 297, 100 S.Ct. 559. In assessing the defendant's reasonable anticipation, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." Id. (emphasis in original).
>
> [The Eighth Circuit] appl[ies] a five factor test in analyzing the constitutional requirements needed for personal jurisdiction. Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226 (8th Cir.1987) (citations omitted). These factors are: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Id. "The first three factors are of primary importance, and the last two are 'secondary factors.'" Id.

Id. at 693-94.

"The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003) (citing Burger King, 471 U.S. at 475;

2

World-Wide, 444 U.S. at 297). "Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit." Id. (citing Clune v. Alimak AB, 233 F.3d 538, 544 n. 8 (8th Cir. 2000)).

"The [Supreme] Court has also identified two types of personal jurisdiction: general and specific." Epps v. Stewart Information Services Corp., 327 F.3d 642, 648 (8th Cir. 2003). "When a cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction." Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984); Burlington Industries, Inc. v. Maples Industries, Inc., 97 F.3d 1100, 1103 (8th Cir.1996)). "However, if the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction." Id. (citing Helicopteros Nacionales, 466 U.S. at 415 n. 9). "When general jurisdiction is in question, a defendant may be subject to the forum state's exercise of personal jurisdiction if contacts with the state are continuous and systematic." Id. (citing Helicopteros Nacionales, 466 U.S. at 414).

"[W]hen the defendant is a nonresident parent corporation . . ., personal jurisdiction can be based on the activities of the nonresident corporation's in-state subsidiary, but only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." Epps, 327 F.3d at 648-49 (citing Contractors, Laborers, Teamsters & Engineers Health Plan v. Hroch, 757 F.2d 184, 190 (8th Cir.1985); Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management, Inc., 519 F.2d 634, 637 (8th Cir.1975)). "If the resident subsidiary corporation is the alter ego of the nonresident corporate defendant, the subsidiary's contacts are those of the parent corporation's, and due process is satisfied." Id. at 649. (citing Lakota Girl Scout Council, 519 F.2d at 637).

3

In other words, "a court's assertion of jurisdiction is contingent on the ability of the plaintiffs to pierce the corporate veil." Id.

"To survive a motion to dismiss for lack of personal jurisdiction a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." Pecoraro, 340 F.3d at 561 (citing Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996)). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." Epps, 327 F.3d at 647 (citing Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992); Newhard, Cook & Co. v. Inspired Life Centers, Inc., 895 F.2d 1226, 1228 (8th Cir. 1990). "While the plaintiffs bear the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." Id. (citing Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir.1991)).

Fiat relies on a declaration by its senior counsel, Roberto Russo, to establish that it has had no contacts with the State of Nebraska and has exercised no control over the day-to-day operations of any subsidiary with an alleged ownership interest in the Case New Holland facility in Grand Island, Nebraska. (Filing 150-2.) The plaintiffs complain that the Russo declaration was not on file when they made their response, and they thus urge the court to disregard all arguments in Fiat's brief that are based upon the declaration.[1] While the plaintiffs appear to be mistaken about the

---

[1] Actually, the plaintiffs included a "motion to strike" Fiat's argument in their opposing brief. It is not this court's practice either to strike portions of supporting briefs or to treat portions of opposing briefs as motions. See NECivR 7.1(b)(1)(A) ("The party opposing a motion shall not file an 'answer,' or 'opposition,' 'objection,' or 'response' to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon.") See also NECivR 7.1(a)(1)(A) ("A motion raising a substantial issue of law must be supported by a paginated brief filed and served contemporaneously with the motion.").

4

Russo declaration not having been filed with the court, I find that it was not filed in accordance with our local rules, making it easy to overlook.[2] The declaration was merely filed as an attachment to Fiat's brief, which is a direct violation of NECivR 7.1(a)(2)(A) ("Evidentiary materials shall not be attached to the brief but shall instead be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates."). Because of Fiat's noncompliance with the clear dictates of this rule, I will not consider the Russo declaration except insofar as it may contain admissions against Fiat's interest.

I have previously ruled that the plaintiffs' third amended complaint contains "minimally sufficient" corporate-veil-piercing allegations regarding the activities of the defendants CNH Global N.V., Fiatallis North America LLC, and Case New Holland, Inc.,[3] in controlling subsidiary companies that have owned and operated the Grand Island facility since 1986. See Memorandum and Order entered May 4, 2006 (filing 134 at 35). Because the same factual allegations are made against Fiat, see paragraphs 47 and 48 of the third amended complaint (filing 94), it appears from the plaintiffs' pleading that personal jurisdiction exists over Fiat.

In this circuit, as elsewhere, a well-pleaded complaint will withstand a Rule 12(b)(2) motion to dismiss when the defendant has not presented evidence to controvert the plaintiff's jurisdictional allegations.

> To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to

---

[2] Because our court uses an electronic filing system, copies of filed documents are not normally served. Instead, parties receive a notice of electronic filing and then must retrieve the documents themselves. See Fed. R. Civ. P. 5(b)(2)(D); NECivR 5.2; Civil Administrative Procedure II.B.

[3] These companies are all Fiat subsidiaries. See Russo declaration, ¶ 13.

5

jurisdiction within the state. Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir.1974) (internal citation omitted). The plaintiff's "'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." Id. at 260. See also Davis v. St. John's Health Sys., Inc., 348 Ark. 17, 71 S.W.3d 55, 57 (2002) ("If the complaint does not allege sufficient facts on which personal jurisdiction can rest, then the complaint is factually deficient. Mere conclusory statements devoid of a factual foundation do not suffice in this inquiry.") (internal citation omitted); Jet Charter Serv., Inc. v. W. Koeck, 907 F.2d 1110, 1112 (11th Cir.1990) ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."); Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir.1967) ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone.").

Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004), cert. denied, 543 U.S. 1147 (2005). See also Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006) (where defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to plaintiff to produce evidence supporting personal jurisdiction, unless defendant's affidavits contain only conclusory assertions that defendant is not subject to jurisdiction); Paz v. Brush Engineered Materials, Inc., 445 F.3d 809, 812 (5th Cir. 2006) (in determining whether a prima facie case for personal jurisdiction exists on a motion to dismiss, uncontroverted allegations in plaintiff's complaint must be taken as true); Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3rd Cir. 2004) (when district court does not hold an evidentiary hearing on motion to dismiss, plaintiff need only establish a prima facie case of personal jurisdiction and plaintiff is entitled to have its allegations taken as true); Schwarzenegger v. Fred Martin Motor Co., 374

F.3d 797, 800 (9th Cir. 2004) (where motion to dismiss is based on written materials rather than an evidentiary hearing, uncontroverted allegations in the complaint must be taken as true); Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (in the procedural posture of a motion to dismiss for lack of personal jurisdiction, district court must accept the uncontroverted allegations in the plaintiff's complaint as true).

Because the plaintiffs' jurisdictional allegations have not been controverted with a properly filed affidavit or declaration, I will deny Fiat's motion to dismiss. This ruling obviates any immediate need for the plaintiffs to conduct jurisdictional discovery. Accordingly,

IT IS ORDERED that:

1. Defendant's motion to dismiss (filing 149) is denied.

2. Plaintiffs' motion for leave to conduct jurisdictional discovery (filing 155) is denied as moot.

October 12, 2006.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge