IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN SCHWAN, et al., | ) | 4:04CV3384 |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| CNH AMERICA LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The defendants have filed a motion for partial summary against 135 plaintiffs (in their individual and/or representative capacities)[1] who failed to make evidentiary disclosures as required by the *Lone Pine* case management order that was entered on May 4, 2006. The motion will be granted and a final judgment will be entered.

No evidence was produced by or on behalf of plaintiffs and minors who did not reside in the Parkview or Stolley Park neighborhoods of Grand Island because it is "no longer contend[ed] that hazardous substances from the Case New Holland facility have caused their injuries or damage." (Filing 185, ¶ 5.)[2] This group includes 130 plaintiffs:

---

[1] Dismissal is sought against a total of 187 individuals.

[2] Filing 185 is a declaration by one of the plaintiffs' attorneys regarding service on February 9, 2007, of the following documents in response to the *Lone Pine* order: "Declarations of Residence; Declaration of Lorne Everett, Ph.D. (hydrogeologist), dated February 8, 2007, with attachments; Declaration of Melvyn Jerome Kopstein, Ph.D. (chemist), dated February 8, 2007, with attachments; Declaration of John D. Bredemeyer, SRA (real estate appraiser), dated February 9, 2007, with attachments; and Declaration of James G. Dahlgren, M.D. (physician), dated February 9, 2007, with an accompanying General Causation Report and 73 individual medical reports." (Filing 185, ¶ 2.)

1. Joan Schwan (individually and as next friend of J.P.S., minor)
2. Andrew Schwan
3. Martin Avila
4. Jeff Baldwin
5. Gina Baldwin (individually and as next friend of M.B. and A.B., minors)
6. Matthew Beiber
7. Lori Ann Beiber (individually and as next friend of B.J.B., minor)
8. Michael Bish
9. Susan Bish (individually and as next friend of J.K.B., minor)
10. Wendy Cameron
11. Kenneth Clausen
12. Adam Clausen
13. Kenneth Durand
14. Christine Durand (individually and as next friend of B.A.D. and K.M.D., minors)
15. Greg Eirick
16. Kathleen Eirick
17. Jamie Eirick
18. Jerry Florez
19. Rosalie Florez (individually and as next friend of J.F. and S.F., minors)
20. Stephanie L. Florez
21. David Green
22. Ellen ("Sue") Green
23. Steve Griffin
24. Janet Griffin (individually and as next friend of C.D.G., minor)
25. Cass W. Griffin
26. Diann Hadan
27. Jeffrey Hadan (individually and as next friend of C.S.H., minor)
28. Doran Hadan
29. Manon Hadan
30. Dennis Harb
31. Mary Harb
32. Jeffery D. Harb
33. Gerald Helzer
34. Beverly Helzer
35. Dale Huffman
36. Sharon Huffman
37. Dalyn Huffman

38. Jenna Huffman
39. Terry Jepson
40. Lori Jepson (individually and as next friend of M.M.J., minor)
41. Nicole Jepson
42. Dennis Korgel
43. Marilyn Korgel
44. Eric Korgel
45. Sean Korgel
46. Pamela Kretzer
47. Philip Krieser
48. Cheryl Krieser
49. Keri Krieser
50. Matthew Krieser
51. Karen Kuta (as next friend of J.M.K., minor)
52. Cassie Lillibridge
53. Judy Lindell
54. Brian Lindell
55. Justy Lindell (individually and as next friend of S.N.L., minor)
56. Vincent Luhn
57. Cindy Luhn (individually and as next friend of N.E.L. and N.E.L., minors)
58. Steve Markham
59. Elaine Markham
60. Earl A. Markworth
61. Alana Dale Markworth
62. John McMahon
63. Dianne McMahon (individually and as next friend of J.J.M. and J.J.M., minors)
64. Haley McMahon
65. Chelsey McMahon
66. Ashley McMahon
67. Timothy Meguire (individually and as next friend of E.M. and K.L.M., minors)
68. Juli Meguire
69. Logan Meguire
70. Angela Meyer
71. Melissa Meyer
72. Robert Meyer

73. Todd D. Morgan
74. Fae Morgan
75. Jamie Morgan
76. Tifanie Morgan-Phillips
77. Gwyn Morris
78. Thomas A. Olsen
79. Lisa Brown-Olsen (individually and as next friend of E.M.B.-O. and T.C.O., minors)
80. William Parten
81. David Petersen
82. Karen Petersen
83. Adam Pfeifer
84. Timothy Pfeifer
85. Susan Pfeifer
86. Gregory Post
87. Penny Post (individually and as next friend of M.L.P. and T.J.P., minors)
88. Daniel Purdy
89. Annette Purdy (individually and as next friend of P.P. and R.P., minors)
90. Jon Rath
91. Lynn Rath (individually and as next friend of J.A.R., J.A.R., and G.D.K., minors)
92. Wendall Ring
93. Barbara Ring (individually and as next friend of J.R., M.R., and M.R., minors)
94. Jeffrey Roby
95. Angela Roby (individually and as next friend of E.D.R., minor)
96. Leon Roby
97. Judy Roby
98. Kimberly Roby
99. Neal Schroder
100. Sondra Schroder (individually and as next friend of T.M.S. and T.R.S., minors)
101. Gregg Schultz[3]

---

[3] Their counsel declares that Gregg Schultz and Shirley Schultz (individually and as next friend of M.L.S., minor) were inadvertently listed in the previously filed declaration (filing 185) as Parkview/Stolley Park residents who had made disclosures pursuant to the *Lone Pine* order. (Filing 198-2; see also filing 194, at 5.)

102. Shirley Shultz (individually and as next friend of M.L.S., minor)[4]
103. Luke Schwan
104. Rachel Schwan (individually and as next friend of J.M., minor)
105. Wayne Shultis
106. Lauri Shultis (individually and as next friend of J.S.S. and J.L.S., minors)
107. Kevin Smoyer
108. Sandra Smoyer (individually and as next friend of E.C.S., minor)
109. Brent Smoyer
110. Matthew Smoyer
111. Craig Starke
112. Terry Starke (individually and as next friend of H.C.S., J.C.C., A.A.S., and L.D.S., minors)
113. Kathryn Stern
114. Stacia Stone
115. Stacy Sybrandts
116. Ronald Tenski
117. Delores Tenski
118. Lyle Tibbs
119. Judith Tibbs
120. Kathleen Tibbs
121. Richard S. Weigman (individually and as next friend of L.J.W., E.M.W., and N.M.W., minors)
122. Valerie J. Weigman
123. Aaron J. Weigman
124. James J. Wetzel
125. Pamela A. Wetzel
126. Tyler J. Wetzel
127. Ryan Witt
128. Whitney Witt
129. Anita Wootton (individually and as next friend of S.A.W., A.J.W., and K.A.W., minors)
130. Terrance Wootton

---

[4] See previous note.

Because it is undisputed that these 130 plaintiffs are unable to prove their personal injury and/or property damage claims against the defendants, the entry of summary judgment against them, which will dismiss their claims with prejudice, is appropriate.[5]  See Diesel Machinery, Inc. v. B.R. Lee Industries, Inc., 418 F.3d 820, 832 (8th Cir. 2005) (on a summary judgment motion, the basic inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law).

Two plaintiffs admit that "[b]ased on current information, a likely exposure or damage could not be identified" as to them.  (Filing 185, ¶ 9.)  Neither served any *Lone Pine* disclosures showing personal injury or property damage. (Filing 189, ¶ 17; filing 194, at 5.)  They are:

    131.  Tom Dolton
    132.  Mark J. Tylkowski

These 2 plaintiffs stand in no different position than the previously listed 130 plaintiffs who admitted that they are unable to prove their claims.  Thus, summary judgment will also be entered against them, dismissing their claims with prejudice.

Finally, 3 plaintiffs "expressed their desire to discontinue their suits" (filing 185, ¶ 8) and did not make any disclosures for this reason.  They are:

    133.  Christopher Cassell
    134.  Michael Muirhead
    135.  Sunni Muirhead (individually and as next friend of A.M.M., J.D.M., and T.M.M., minors)

---

[5] While the court's *Lone Pine* order stated that any plaintiff who failed to provide the required information in a timely fashion "shall be subject to sanctions, up to and including dismissal of his or her claims with prejudice" (filing 135, at 3), the defendants' motion is considered only under Federal Rule of Civil Procedure 56.

Because these 3 plaintiffs have not moved to dismiss their claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), there is no reason to treat them any differently than the others. By failing to make the required *Lone Pine* disclosures, these plaintiffs have tacitly admitted that they are unable to establish a prima facie case. Thus, summary judgment will also be entered against them, dismissing their claims with prejudice.

Accordingly,

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment (filing 188) is granted.

2. There being no just reason for delay, final judgment will be entered by separate document pursuant to Federal Rule of Civil Procedure 54(b).

April 11, 2007.                                BY THE COURT:

                                               s/ *Richard G. Kopf*
                                               United States District Judge