```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

CINDY AVILA, Individually,       )
and as Personal Representative   )
of the Estate of                 )
STEVEN AVILA, et al,[1]          )
                                 )
     Plaintiffs,                 )      4:04CV3384
                                 )
     v.                          )
                                 )
CNH AMERICA LLC, et al.,         )     MEMORANDUM AND ORDER
                                 )
     Defendants.                 )
```

This "toxic tort" case has been pending since December 16, 2004. The plaintiffs' third amended complaint was filed on November 21, 2005, (filing 94), and as of May 4, 2006, there were 189 named plaintiffs asserting claims on behalf of 261 individuals. See filing 134, p. 1. These plaintiffs live or have lived in two separate areas of Grand Island, Nebraska. These areas are commonly referred to as "Parkview" and "Mary Lane."

On April 11, 2007, the court granted a partial summary judgment and dismissed with prejudice the claims of 135 plaintiffs (in their individual and/or representative capacities)[2] against defendants Unisys Corporation, CNH America LLC, Fiatallis North America LLC f/k/a Fiatallis North America, Inc., Case New Holland Inc., CNH Global N.V., and Fiat S.p.A.

---

[1] The caption of plaintiffs' motion for leave to amend identifies the plaintiffs as "Joan Schwan, et al" Ms. Schwan has been dismissed from this case. See filings 204 & 205. Accordingly, the court has replaced her name in the caption with the plaintiff whose name appears first in the alphabetical listing of plaintiffs who were identified in the third amended complaint and remain in this lawsuit.

[2] These 135 named plaintiffs represented a total of 187 plaintiffs.

("CNH defendants").  See filings 204 & 205.  The dismissed plaintiffs were from the Mary Lane area of Grand Island.  They failed to show that an alleged CNH-generated plume of hazardous substances (the "northern plume") migrated toward the Mary Lane area of Grand Island and contaminated their groundwater.

The plaintiffs have moved for leave to file a fourth amended complaint.  Filing 206.  The plaintiffs identified in the proposed fourth amended complaint include nearly everyone identified in the third amended complaint, including nearly all of the plaintiffs dismissed under the court's April 11, 2007 judgment, along with a few newly named plaintiffs.  Under the allegations of the proposed fourth amended complaint, none of the previously dismissed plaintiffs is attempting to allege that the CNH defendants are either solely or partially responsible for their alleged damages.

The plaintiffs' motion to amend seeks leave to add Cargill, Incorporated ("Cargill") as a defendant.  The plaintiffs allege a separate plume of hazardous substances arising from property owned by Cargill (the "southern plume") contaminated the groundwater in Grand Island, Nebraska.  With the addition of Cargill as a defendant, the proposed fourth amended complaint creates essentially three plaintiff subsets:  1) those seeking recovery from only the CNH defendants for damages caused by the northern plume, 2) those seeking recovery from both the CNH defendants and Cargill, jointly, for damages caused by the migration of both the northern and southern plumes, and 3) those seeking recovery from Cargill alone for damages caused by the southern plume.

As to those plaintiffs seeking recovery from only CNH, these plaintiffs were all named as plaintiffs in the third amended

complaint.[3]  See filing 206-2, ¶¶ 13 & 15.  None of these plaintiffs were dismissed from the suit under the court's April 11, 2007 judgment.  Filing 205.

As to those plaintiffs seeking recovery from both the CNH defendants and Cargill, paragraphs 14 and 16 of the proposed fourth amended complaint identify approximately 40 previously named plaintiffs and approximately 15 new plaintiffs (in their individual and representative capacities).[4]

Under paragraph 18 of the proposed fourth amended complaint, nearly all the 135 previously dismissed plaintiffs (see filings 204 and 205),[5] along with approximately twelve new plaintiffs,[6]

---

[3]"Martha K. Pitt" was named as a plaintiff in the third amended complaint.  Her name was corrected to "Margaret K. Pitt" in the proposed fourth amended complaint.  See filing 206-2, ¶ 15 &  filing 208, p.6.

[4]Paragraph 14 of the proposed fourth amended complaint adds "Denny Fitzgerald for Annetta Fitzgerald" (Denny Fitzgerald was previously named; Annetta Fitzgerald was not).  Paragraph 16 of the proposed fourth amended complaint adds Marlene Beason, individually and as next friend of C.R.B., a minor; Carol Marie Castleberry, individually and as next friend of C.C., and K.C., minors; Esther Ingram; Matthew Ingram; Sandra Lawrey; William Lawrey; Patricia Ann Pirnie; Jason P. Ressler; Cecil Sonnenfelt; Letha Sonnenfelt; Jerrold Tjaden; Linda Tjaden; Ashley Whitney; and Aaron Wobig, individually and as next friend of C.W., a minor.
   Of note, the proposed fourth amended complaint also identified Willard Bradin as a claimant against both the CNH defendants and Cargill.  See filing 206-2, ¶ 14.  However, Bradin thereafter moved to dismiss his claim, and he has now been dismissed from this lawsuit.  See filings 212-216.

[5]All but at most 9 of these plaintiffs are now seeking leave to file claims against only Cargill as part of this lawsuit.  Of the 135 plaintiffs who were involuntarily dismissed on April 11, 2007, the 9 that appear to be unnamed in the proposed fourth amended complaint are:  Kenneth Clausen; Karen Kuta (as next

allege claims against only Cargill.

Finally, Cindy Avila and her now deceased husband, Steven Avila, lived in both the Parkview and Mary Lane areas of Grand Island. See filing 208, p.11. Cindy Avila, individually and as personal representative of Steven Avila, alleges a claim against the CNH defendants and Cargill, jointly, related to groundwater contamination at Parkview, (see filing 206-2, ¶ 14), and a claim against only Cargill arising from the alleged groundwater contamination at Mary Lane. Filing 206-2, ¶ 17.

The CNH defendants strenuously oppose the plaintiffs' motion for leave to amend. They claim "[t]he proposed additions of new parties--Cargill, the Mary Lane Plaintiffs, and the additional Parkview Plaintiffs--as well as the addition of new claims against Cargill by the existing Parkview Plaintiffs . . . warrant denial of leave to amend." Filing 210, p. 11. The CNH defendants claim the proposed amendments:

- are the product of undue delay,
- would significantly prejudice the current Defendants,
- would (in the case of the new claims against Cargill) be futile, and
- reflect a repeated failure to cure pleading deficiencies.

Filing 210, p. 11.

---

friend of J.M.K., minor); Kimberly Roby; Kathleen Tibbs; Tom Dolton; Mark J. Tylkowski; Christopher Cassell; Michael Muirhead; and Sunni Muirhead (individually and as next friend of A.M.M., J.D.M., and T.M.M., minors).

[6]It is not possible on the record before me to precisely quantify and name all the previously dismissed plaintiffs now seeking recovery from only Cargill, or the new plaintiffs seeking recovery from only Cargill. Some plaintiffs may have (and appear to have) married and changed names, and some plaintiffs who were minors and therefore identified by initials only when this suit was filed, are now adults and are listed as plaintiffs in their own name. See filing 208, p.6.

4

Rule 15(a) of the Federal Rules of Civil Procedure governs a party's right to amend pleadings. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be liberally granted absent good reason for a denial. Baptist Health v. Smith, 477 F.3d 540, 544 (8th Cir. 2007); Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000). "However, there is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." Baptist Health, 477 F.3d at 544.

Without question, it is late in the game to be amending the pleadings by adding new plaintiffs and a new defendant. There is also certainly a question of whether the delay was necessary. This case was filed two and an half years ago, and as early as May 6, 2005, the local newspaper in Grand Island reported the existence of two plumes of hazardous substances emanating from separate sources. Filings 211-15 through 211-17 (Lindstrom affidavit, exs. M-O). However, the evidence does not support any claim of bad faith or dilatory motive in failing to name Cargill as a defendant, or failing to name all the plaintiffs seeking recovery from the CNH defendants (all Parkview plaintiffs).

The proposed fourth amended complaint names approximately fifteen new plaintiffs seeking recovery from both the CNH defendants and Cargill. While the CNH defendants claim this late addition will prejudice their interests by further delaying the progress of this litigation, it is likely that denying these plaintiffs' request to join this suit will only serve to spawn their separate lawsuit against the CNH defendants. On balance, I

find that allowing these additional plaintiffs to enter this lawsuit may cause some delay, but that delay will be less burdensome to the CNH defendants and this court's resources than the foreseeable outcome of denying the motion to name them as additional plaintiffs.  I therefore find that the new plaintiffs identified in paragraphs 14 and 16 of the proposed fourth amended complaint, (see footnote 4), should be permitted to join in this lawsuit.

As to those plaintiffs seeking recovery for the alleged contamination arising from the combined migration of the northern and southern plumes, their claims cannot be fully litigated without all potential contaminating sources being named as defendants.  That would include naming Cargill as a defendant. Failing to add Cargill as a defendant will permit the CNH defendants to point at Cargill as the source of plaintiffs' injuries, and in any separate litigation filed against Cargill by these plaintiffs, Cargill will likely point to the CNH defendants as the contaminating source.  Further, if Cargill is not named as a defendant, and these plaintiffs prevail against the CNH defendants, the CNH defendants may pursue a separate lawsuit against Cargill.  Though the CNH defendants argue that the plaintiffs' claims against Cargill are barred by the statute of limitations and will be futile, under the facts of this case, such issues cannot be reasonably, justly, or reliably determined at the pleading stage.  Ultimately, though adding Cargill as a defendant may delay this case, not permitting plaintiffs seeking recovery from both the CNH defendants and Cargill to name Cargill as a defendant presents the risk of multiple trials, jury confusion, inconsistent outcomes, and additional burdens on the parties' and court's resources.  I shall therefore grant the plaintiffs' motion for leave to add Cargill as a defendant.

The same concerns are not raised by plaintiffs' request to join plaintiffs seeking recourse from only Cargill--the Mary Lane plaintiffs. There are substantially more Mary Lane plaintiffs than plaintiffs seeking recovery from both Cargill and the CNH defendants, or from the CNH defendants alone. The Mary Lane plaintiffs' claims will each require causation and damage evidence which has no relevance to the claims being pursued against the CNH defendants. Joining the Mary Lane plaintiffs in this lawsuit will delay the pretrial process by substantially expanding the scope of discovery and disclosures. As argued by the CNH defendants, if the Mary Lane plaintiffs' "proposed claims are added to this lawsuit, a welter of issues regarding the southern plume and actions at the Cargill Plant site will inevitably overtake the current case between the Parkview Plaintiffs and the CNH [] Defendants." Filing 210, p. 13. I shall therefore deny the plaintiffs' motion to add the Mary Lane plaintiffs as parties to this lawsuit.

Accordingly, the plaintiffs will be permitted to name Cargill as an additional defendant in this lawsuit. Those newly named plaintiffs identified in paragraphs 14 and 16 of the proposed fourth amended complaint will be permitted to join this lawsuit. However those plaintiffs identified in paragraph 18 of the proposed fourth amended complaint, the Mary Lane plaintiffs, will not be permitted to join this lawsuit. Further, Cindy Avila as personal of the estate of Steve Avila will not be permitted to allege a claim against only Cargill as part of this lawsuit. See filing 206-2, ¶ 17. In addition to the paragraphs already cited, this ruling requires amending paragraphs 10, 64, 67, 85, 96, 104, 114 and 135 to delete all reference to the Mary Lane plaintiffs.

IT THEREFORE HEREBY IS ORDERED:

1.  The plaintiffs' motion for leave to file a fourth amended complaint, filing 206, is granted in part and denied in part as follows:

    a.  The newly named plaintiffs seeking recovery from both the CNH defendants and Cargill are granted leave to join in this lawsuit.

    b.  The plaintiffs are granted leave to add Cargill, Incorporated as a defendant in this lawsuit.

    c.  Those plaintiffs seeking recovery from only Cargill are not granted leave to join in this lawsuit.

    d.  Any claim by Cindy Avila as personal of the estate of Steve Avila against only Cargill shall not be raised in this lawsuit.

2.  The plaintiffs are given until June 19, 2007 to file a fourth amended complaint consistent with the terms of this memorandum and order.

Dated June 1, 2007.

                                BY THE COURT

                                s/ *David L. Piester*
                                David L. Piester
                                United States Magistrate Judge