IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CINDY AVILA, individually and as Personal Representative of the Estate of Steven Avila, Deceased, et al., | ) ) ) ) | 4:04CV3384 |
| Plaintiffs, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| CNH AMERICA LLC, et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on a motion for partial judgment on the pleadings filed by five defendants: (1) Unisys Corporation; (2) CNH America LLC; (3) Case New Holland, Inc.; (4) CNH Global N.V.; and (5) Fiatallis North America LLC f/k/a Fiatallis North America, Inc.[1]  The motion concerns the first three counts of the plaintiffs' fourth amended complaint, alleging (1) simple negligence, (2) negligent failure to warn, and (3) negligent infliction of emotional distress.  As to these three negligence claims, the defendants request that judgment be entered against eighteen plaintiffs who do not allege that they (or the minors they represent) have sustained personal injuries, but who seek to recover damages for future medical monitoring.  These plaintiffs are:  (1) Cindy Avila; (2) David R. Bergholz; (3) Jeffrey L. Bergholz, individually and as next friend of S.L.B. and S.R.B., minors; (4) Rose Bergholz; (5) Warren Edghill; (6) Julia Foote; (7) Joanie Guerrero, as next friend of B.C.G. and B.C.G., minors, but not in her individual capacity; (8) Robert Guerrero; (9) Donald Jenkins; (10) Anthony Martinez; (11) Kris Mleczko; (12) Jason P. Ressler; (13) Barbara Schorle; (14) Bruce Schorle; (15) Cheri Schwieger; (16) Gordon Svoboda; (17) Sherri Tolle; and (18) Roxana Webb.

---

[1] Fiatallis North America, Inc., is separately named as a defendant in this action, but it has not answered the fourth amended complaint or joined in the pending motion.  The two other defendants to the action are Fiat S.p.A. and Cargill, Inc.

I agree with the defendants that damages are an essential element of any negligence cause of action brought under Nebraska law, which applies in this case. *See Brown ex rel. Watts v. Social Settlement Ass'n*, 610 N.W.2d 9, 11 (Neb. 2000) ("For actionable negligence to exist, there must be a legal duty on the part of the defendant to protect the plaintiff from injury, a failure to discharge that duty, and damage proximately resulting from such undischarged duty."); *Popple by Popple v. Rose*, 573 N.W.2d 765, 769 (Neb. 1998) ("An action predicated on a duty to warn is essentially a negligence action, requiring a duty, breach, proximate cause, and damages."); *Catron v. Lewis*, 712 N.W.2d 245, 248-49 (Neb. 2006) ("In Nebraska, where there is no impact or physical injury to the plaintiff, the plaintiff . . . must show that [his or her] emotional distress is medically diagnosable and significant and is so severe that no reasonable person could have expected to endure it."). I also agree with the defendants that Nebraska law does not recognize a claim for medical monitoring when no present physical injury is alleged. *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000) (predicting Nebraska Supreme Court would hold that residents of area near former lead smelter and refinery could not establish claim for future medical monitoring costs against owner and former operator of site, absent showing of any present physical injury), overruled on other grounds by *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546 (2005).

Because the eighteen plaintiffs listed above only claim a "[n]eed for future medical monitoring" in the appendix to the fourth amended complaint detailing the medical effects of each plaintiff's (or represented party's) alleged exposure to toxins,[2] their personal injury negligence claims will be dismissed with prejudice[3] as against the five defendants that have moved for partial judgment on the pleadings. At this

---

[2] The appendix attached to the fourth amended complaint (filing 222) is a redacted document. The original document is filed separately under seal (filing 230).

[3] Property damage negligence claims also alleged by thirteen of these plaintiffs are not subject to the defendant's motion and will not be dismissed.

time, however, I will <u>not</u> enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b) because these plaintiffs have also alleged private nuisance and trespass claims that are not subject to the pending motion,[4] and because not all defendants have joined in the motion.

The plaintiffs have filed a cross-motion to certify the following question to the Nebraska Supreme Court in the event the defendant's motion is not denied:

> Whether, under Nebraska law, plaintiffs exposed to toxins in their private domestic water supply alleging negligence, private nuisance, and trespass against the sources of the toxins may seek to recover the reasonable costs of future medical monitoring prescribed by a competent medical expert because of their exposures, where the subject plaintiffs do not allege a present physical injury as do others similarly exposed?

(Filing 242.) The plaintiffs' motion will be denied.

Whether to use a state's certification procedure is within the "'sound discretion of the federal court.'" *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209 (8th Cir.1987) (quoting *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974)). Further, "'[a]bsent a 'close' question and lack of state sources enabling a nonconjectural determination, a federal court should not avoid its responsibility to determine all issues before it.'" *Id.* (quoting *Shakopee Mdewakanton Sioux Community v. City of Prior Lake*, 771 F.2d 1153, 1157 n. 2 (8th Cir.1985) (1986)). *See also Hatfield v. Bishop Clarkson Memorial Hosp.*, 701 F.2d 1266 (8th Cir.1983) (discussing various factors which may affect certification decision, including closeness of the question; lack of state precedent; conflicting public policy aims;

---

[4] The defendants restricted the scope of the motion in their reply brief by arguing only that "the three negligence counts should be dismissed with prejudice." (Filing 246, at 13, 14.) Thus, I have not considered whether these plaintiffs might be entitled to recover future medical monitoring costs by alleging claims for private nuisance (count four) and trespass (count five).

whether case involves federal question or is strict diversity; and likelihood of legal issue recurring).  Especially considering that the Eighth Circuit made a determination in 2000 that Nebraska law does not recognize medical monitoring claims, and finding no significant changes in Nebraska law since that time, I conclude that there is no good reason to certify the plaintiffs' question to the Nebraska Supreme Court.

Accordingly,

IT IS ORDERED that:

1. Plaintiffs' motion to certify a question to the Nebraska Supreme Court (filing 242) is denied.

2. Defendants' motion for partial judgment on the pleadings (filing 237) granted, as follows:

    a. All personal injury claims alleging negligence, negligent failure to warn, and negligent infliction of emotional distress (counts one, two, and three of the fourth amended complaint) brought by the following eighteen plaintiffs, who claim only a need for future medical monitoring, are dismissed with prejudice as against the defendants Unisys Corporation, CNH America LLC, Case New Holland, Inc., CNH Global N.V., and Fiatallis North America LLC f/k/a Fiatallis North America, Inc.:
       (1) Cindy Avila;
       (2) David R. Bergholz;
       (3) Jeffrey L. Bergholz, individually and as next friend of S.L.B. and S.R.B., minors;
       (4) Rose Bergholz;
       (5) Warren Edghill;

  (6) Julia Foote;

  (7) Joanie Guerrero, as next friend of B.C.G. and B.C.G., minors, but not in her individual capacity;

  (8) Robert Guerrero;

  (9) Donald Jenkins;

  (10) Anthony Martinez;

  (11) Kris Mleczko;

  (12) Jason P. Ressler;

  (13) Barbara Schorle;

  (14) Bruce Schorle;

  (15) Cheri Schwieger;

  (16) Gordon Svoboda;

  (17) Sherri Tolle; and

  (18) Roxana Webb.

 b. Property damage claims alleged by any of these plaintiffs in counts one, two, and three are not dismissed.

 c. No claims are dismissed as against the defendants Fiatallis North America, Inc., Fiat S.p.A., and Cargill, Inc.

3. This order does <u>not</u> constitute a final judgment under Federal Rule of Civil Procedure 54(b).

September 10, 2007.   BY THE COURT:

          s/ *Richard G. Kopf*
          United States District Judge