IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CINDY AVILA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 4:04cv3384 |
| | ) | |
| v. | ) | |
| | ) | **STIPULATION AND** |
| CNH AMERICA LLC, et al., | ) | **PROTECTIVE ORDER** |
| | ) | **Re: DOCUMENT No. 267** |
| Defendants. | ) | |

THIS MATTER coming for consideration pursuant to the agreement of all parties herein for entry of a Protective Order to preserve the confidentially of certain information to be disclosed through discovery on matters pertinent to the allegations contained within Plaintiffs' Complaint. The documents, information and testimony shall be protected in the manner set forth below to the fullest extent permitted by Federal Rule of Civil Procedure 26(c). The parties' agreement for entry of a protective order does not include any information which is not confidential, proprietary in nature or otherwise not properly subject to protection under Rule 26(c), the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED THAT:

1.  This Stipulation and Protective Order ("Protective Order") governs the treatment of certain documents, depositions, deposition exhibits, interrogatory answers, responses to requests for admissions and other written, recorded, computerized, electronic or graphic matter, copies, excerpts or summaries of documents ("Discovery Material") produced by a Producing

Party, as defined below, in this proceeding or in a subsequent proceeding as set forth in Paragraph 15 below (the "Action").

2. As used herein, "Producing Party" means any party to this action and non-parties, who disclose and/or produce any Discovery Material in this action, and their outside counsel of record. As used herein, "Receiving Party" means the party to this action, and its outside counsel of record, who receives Discovery Material from a Producing Party.

3. A Producing Party may designate as confidential any Discovery Material that contains non-public information that the Producing Party believes in good faith deserves protection, including, but not limited to sensitive financial, medical, and personal identity information, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. In the case of Discovery Material produced by a non-party that is not designated as confidential by that non-party, the Parties shall have 30 days from the receipt of such Discovery Material to designate it as confidential. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

4. Unless otherwise agreed by the parties, all Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing, in an unobtrusive manner, the legend "**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**" or "**CONFIDENTIAL**" on the face of the document and on each page or portion thereof so designated. In the event that confidential discovery material is produced in an electronic medium, such as a CD or DVD, the above legend shall be affixed on the face of the CD, DVD or other electronic medium. Any such designation shall subject the

document, its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

5. Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

(a) The parties to this Action whose counsel have executed this Stipulation or who are subject to this Protective Order;

(b) Counsel of record for the respective parties to this litigation who have executed this Stipulation or who are subject to this Protective Order, including attorneys, paraprofessionals, and employees of such law firms;

(c) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment during such testimony;

(d) Testifying witnesses, or potential testifying witnesses in preparation for a deposition or trial or in the course of questioning;

(e) Retained or independent testifying or consulting experts;

(f) Employees of third-party contractors involved solely in one or more aspects of organizing, filing, coding, copying, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system or graphical presentations;

(g) Mediators or Arbitrators; and

(h) The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

1. Subject to the provisions of paragraph 15 below, Confidential Discovery Material shall be used only for the purposes of the present Action, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material, or pursuant to a discovery request, subpoena or court order in another action during the pendency of this Action provided that the party receiving such discovery request, court order, or subpoena gives prompt notice to the Producing Party so that they may have an opportunity to seek relief from the document request, order, or subpoena.

2. The inadvertent failure to stamp a document, or a portion thereof, with the "Confidential" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party gives such notice in writing. Failure to provide such written notice shall waive any claim of confidentiality. Such written notice shall identify with specificity the information or documents that the Producing Party is then designating to be Confidential Information, and the Producing Party shall within thirty (30) days provide a replacement copy of such material with the appropriate designation thereon.

3. Any party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits and videotape, as Confidential

        Discovery Material under the terms of this Protective Order. Until the above-referenced 30-day period expires, the complete deposition transcript and videotape shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and on each page that contains Confidential Discovery Material and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of paragraph 9 below.

4.     If Confidential Discovery Material is to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled on the cover:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

and must be filed as a "restricted document" pursuant to this Court's Nebraska Civil Rule 5.3. In addition, a redacted version of the document must be filed as an unrestricted document.

5. Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court. Any party may apply for an order that evidence be received *in camera,* placed under seal, or under other less public circumstances to prevent unnecessary disclosure.
6. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing his/her Confidential Discovery Material in any way he/she sees fit to so use or discuss that material for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.
7. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Nothing in this Protective Order shall be interpreted to require disclosure of materials that a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

8. The following procedures shall apply to any disputes arising from the designation of Discovery Materials as confidential pursuant to this Protective Order:

(a) If a Receiving Party in good faith disagrees with the Producing Party's confidential designation, that party shall inform counsel of record for the Producing Party in writing of that disagreement;

(b) Upon written notification that a Receiving Party disagrees with a confidential designation, counsel of record for the objecting Receiving Party and counsel of record for the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention;

(c) If the dispute is not resolved within twenty (20) days of counsel of record for Producing Party's receipt of the objecting Receiving Party's written notification, the objecting Receiving Party may invoke the Court rules and procedures for raising discovery disputes. The Producing Party shall bear the burden of proving that information has properly been designated as Confidential Discovery Material; and

(d) During the pendency of such judicial process all parties receiving Confidential Discovery Material shall abide by the designation.

5. Each document, material, or other thing, or portion thereof designated as confidential shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

6. Except as otherwise agreed in writing by the parties, within forty-five (45) days after final judgment is entered in the above-captioned matter, all Confidential Discovery

Material supplied by each Producing Party and all copies thereof shall be destroyed, and each Receiving Party's counsel shall certify to the Producing Party that all such materials have been destroyed, ***except that*** counsel for defendants subject to this Protective Order may retain one complete and unredacted set of all Confidential Discovery Material solely for reference or use in the event of, and only in the event of, further proceedings or litigation between and among them related to this Action. This Protective Order shall survive the final termination of this Action with respect to any such Confidential Material.

7. This Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

8. Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating this Protective Order. Nothing in this Protective Order shall be construed as prejudicing any party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

9. This stipulation may be signed electronically.

SO ORDERED.

Dated this 22nd day of January, 2008.

BY THE COURT

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

/s/ Lemuel M. Srolovic
Lemuel M. Srolovic
Admitted Pro Hac Vice
NY Bar No. 2349561
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, New York 10038-4925
Telephone: (212) 558-5785
Facsimile: (212) 344-5461
lsrolovic@weitzlux.com

Nancy S. Eichler
Admitted Pro Hac Vice
CA Bar No. 75017
MASRY & VITITOE, P.C.
5707 Corsa Avenue, Third Floor
Westlake Village, California 91362
Telephone: (818) 991-8900
Facsimile: (818) 991-6200
neichler@masryvititoe.com

L. William Kelly, NE Bar No. 15096
LAW OFFICE OF L. WILLIAM KELLY
305 South Locust Street
Grand Island, Nebraska 68802
Telephone: (308) 382-7510
Telecopier: (308) 382-7513
lwkdts@alltel.net

*Attorneys for Plaintiffs*

S. Patrick McKey
Brent W. Vincent
Francis X. Lyons
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 827-4359
Facsimile: (312) 827-1297

/s/ Brent W. Vincent
Donald G. Blankenau, Nebraska Bar No. 18528
dblankenau@blackwellsanders.com
BLACKWELL SANDERS LLP
206 South 13th Street, Suite 1400
Lincoln, Nebraska 68508-2019
Telephone: (402) 458-1500
Facsimile: (402) 548-1510

*Attorneys for Defendants CNH America LLC, Case New Holland Inc., CNH Global N.V., New Holland Inc., Fiatallis North America LLC*

/s/ Daniel W. Nelson
Christopher H. Buckley, Jr.
*Admitted Pro Hac Vice*
Daniel W. Nelson
*Admitted Pro Hac Vice*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Edward G. Warin, D. Neb. Bar No. 14396
ewarin@mnmk.com
McGRATH, NORTH, MULLIN, & KRATZ
First National Tower
1601 Dodge Street, Suite 3700
Omaha, Nebraska 68102
Telephone: (402) 341-3070
Facsimile: (402) 341-0216

*Attorneys for Defendant Unisys Corporation*

/s/ Mark R. Ter Molen
Steven M. Bruckner #17073
Sherman P. Willis #23114
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
Telephone: (402) 341-6000
Fax: (402) 341-8290
E-mail: sbruckner@fslf.com
swillis@fslf.com

Mark R. Ter Molen (pro hac vice)
Christopher F. Regan (pro hac vice)
Richard F. Bulger (pro hac vice)
Matthew C. Sostrin (pro hac vice)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Fax: (312) 701-7711
E-mail: mtermolen@mayerbrown.com
cregan2@mayerbrown.com
rbulger@mayerbrown.com
msostrin@mayerbrown.com

*Attorneys for Cargill Incorporated*

/s/ Brent W. Vincent
Donald G. Blankenau, Nebraska Bar No. 18528
dblankenau@blackwellsanders.com
BLACKWELL SANDERS LLP
206 South 13th Street, Suite 1400
Lincoln, Nebraska 68508-2019
Telephone: (402) 458-1500
Facsimile: (402) 548-1510

S. Patrick McKey
Brent W. Vincent
Francis X. Lyons
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 827-4359
Facsimile: (312) 827-1297

*Attorneys for Fiat S.p.A.*